98 N.J. Super. 530 (1968)
237 A.2d 903
EMANUEL SIDLER, APPELLANT,
v.
JUNE STRELECKI, DIRECTOR OF MOTOR VEHICLES, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1968.
Decided January 18, 1968.
*532 Before Judges GOLDMANN, KILKENNY and CARTON.
Mr. Edward F. Merrey, Jr., for appellant (Messrs. Merrey & Merrey, attorneys; Mr. Leo J. Gellene, on the brief).
Mr. Thomas J. Savage, Deputy Attorney General, for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered PER CURIAM.
Defendant appeals from the six-month suspension of his driving privileges by the Director of the Division of Motor Vehicles. The suspension resulted from his refusal to take the alcohol breath test authorized by L. 1966, c. 142, § 2; N.J.S.A. 39:4-50.2.
Under section 4 of the 1966 act, N.J.S.A. 39:4-50.4, the operator of a motor vehicle may request a hearing before the Director in connection with such suspension of driving privileges. Defendant requested a hearing. The statute provides that the Director shall determine whether (1) the arresting officer had reasonable grounds to believe that the person charged was driving while under the influence of intoxicating liquor, (2) that person was placed under arrest, and (3) he refused to submit to the breath test upon request of the officer. The Director found that all three requirements of the statute had been satisfied, and thereupon suspended defendant's driving privileges for six months.
The record provides substantial support for the Director's findings. Defendant first claims that the request *533 to submit to the breath test was not clearly and effectively communicated. After taking defendant to headquarters, the arresting officer read to him paragraph 20 of the form entitled "Police Report of Refusal to Submit to Breath Alcohol Determination Test":
"I have reason to believe that you have operated a motor vehicle while under the influence of intoxicating liquor. I would like you to submit to a breath test. A record of the chemical breath test will be made and a copy given to you when the test is completed. In addition, you may have a person or physician of your own choosing to take samples of your breath, blood or urine. No test will be taken from you forcibly or against physical resistance. If you refuse, a report will be forwarded to the Director of Motor Vehicles, which may result in the loss of your driving privileges. NOW, I ASK YOU, WILL YOU SUBMIT TO A BREATH TEST?"
His reply to the request was "I am not taking any test"  a flat refusal.
We hold that this was a clear and effective communication of a request to take the test. It is not argued that defendant was so intoxicated or suffering from such other physical or mental disability as not to have been able to understand what was being read to him. The suggestion that defendant did not perhaps fully understand what was read to him because he had been in this country only 14 years strains credulity in light of the record.
Defendant's only other ground for reversal is that the statute, N.J.S.A. 39:4-50.4, mandatorily calls for a revocation of driving privileges. He claims that the request read to him by the arresting officer was therefore defective in that it advised, "If you refuse, a report will be forwarded to the Director of Motor Vehicles, which may result in the loss of your driving privileges" (italics ours), indicating a discretionary penalty.
We find no merit in this argument. True, the statute calls for mandatory suspension of driving privileges, but this result follows only after the Director has determined that all three factual elements noted above are present. Refusal to take the test upon request is only one of the factors; *534 a finding of the other two would be necessary before suspension could become mandatory. Thus, were the Director to find that the officer did not have reasonable grounds to believe that the person charged had been driving while under the influence of intoxicating liquor, or that the driver had not been placed under arrest before being requested to take the test, mandatory suspension could not fairly be imposed. That aside, one might well ask whether defendant would have been more willing to take the test had the text of paragraph 20 read that refusal to take the test "will" result in the loss of driving privileges.
Finding no merit in the grounds advanced by defendant, we affirm.