[Civ. No. 8887.   Fourth Dist., Div. One.   Nov. 21, 1968.]

CHARLES WILLIAM RUST, Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES et al., Defendants and Appellants.

Thomas C. Lynch, Attorney General, Stephen H. Silver and Lynn Henry Johnson, Deputy Attorneys General, for Defendants and Appellants.

Hunt, Liljestrom & Wentworth and James L. McDonald for Plaintiff and Respondent.

BROWN (Gerald), P. J.—The Department of Motor Vehicles, the Division of Driver's Licenses and Verne Orr, Director, appeal from a judgment entered August 8, 1967 granting Charles William Rust's petition for a peremptory writ of mandamus setting aside the department's suspension of Rust's driver's license for his failure to submit to one of the three tests required by Vehicle Code, section 13353.

On March 31, 1967, having probable cause to believe Charles William Rust was driving an automobile on a highway while drunk, California Highway Patrol Officer Johnson stopped him and gave him a field sobriety test, which he flunked. In the course of telling Rust his *Miranda* rights Johnson said he had a right, beginning at that moment, to an attorney. Rust said he understood. Johnson arrested him and placed him in the patrol car. While traveling to the station Johnson requested Rust to submit to a blood alcohol test of his blood, breath or urine, stating if he refused his driving privilege would be suspended six months. Rust replied he refused until he called his attorney, he had taken a field test and would not take another. Rust was then taken to the jail and booked.

The trial court in the mandamus proceeding found Rust's response refusing to take a test until he called his attorney "did not constitute an unequivocal rejection of said test sufficient to excuse said peace officer from supplying further information to petitioner."

A suspected drunk driver has refused to take the blood alcohol test when he conditions his consent on having counsel present; he is not entitled to the advice of counsel in connection with the test (*Ent* v. *Department of Motor Vehicles,* 265 Cal.App.2d 936 [71 Cal.Rptr. 726]; *Finley* v. *Orr,* 262 Cal.App.2d 656 [69 Cal.Rptr. 137]; see also *United States* v. *Wade,* 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926]; *Gilbert* v. *California,* 388 U.S. 263 [18 L.Ed.2d 1178,

87 S.Ct. 1951]; *Stoval* v. *Denno,* 388 U.S. 293 [18 L.Ed.2d 1199, 87 S.Ct. 1967]).

In *Ent* and *Finley* the suspected drunk drivers first asserted their nonexistent rights to counsel in connection with the test. Here, however, Officer Johnson introduced the subject, telling Rust he had the right to an attorney. Rust's refusal to take any test until he talked to his attorney "might well have been the direct result of the police warning" (*People* v. *Ellis,* 65 Cal.2d 529, 539 [55 Cal.Rptr. 385, 421 P.2d 393]). Having warned Rust of his right to an attorney, Officer Johnson should have qualified his advice. When it became evident Rust thought he was entitled to an attorney and might have misconceived the warning, the officer should have elaborated by stating it was inapplicable to the blood alcohol test. Such an elaboration was made in *Reirdon* v. *Director of Dept. of Motor Vehicles,* 266 Cal.App.2d 808 [72 Cal. Rptr. 614]. The situation is not unlike that in *People* v. *Ellis, supra,* 65 Cal.2d 529, 539, where police officers advised defendant of his right to remain silent, and testified he then refused to participate in a voice identification test. The court stated, after warning defendant of his right to remain silent, if the officers direct him "to speak for voice identification and he refuses, they must, as a prerequisite to the use of the defendant's refusal to speak as evidence of [a] consciousness of guilt, advise him that the right to remain silent does not include the right to refuse to participate in such a test." (*People* v. *Ellis, supra,* 65 Cal.2d 529, 539.)

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied December 10, 1968, and appellants' petition for a hearing by the Supreme Court was denied January 15, 1969. McComb, J., and Mosk, J., were of the opinion that the petition should be granted.