[Civ. No. 9190.   Fourth Dist., Div. One.   Apr. 9, 1969.]

WARREN STANTON BEALES, Plaintiff and Appellant, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

Thomas C. Lynch, Attorney General, and Richard Tanzer, Deputy Attorney General, for Defendant and Respondent.

Sheela, O'Laughlin, Hughes & Castro and Howard J. Bechefsky for Plaintiff and Appellant.

AULT, J. pro tem.*—Petitioner Warren Stanton Beales appeals from a judgment of the superior court denying his application for an extraordinary writ to compel the respondent Department of Motor Vehicles to set aside its order suspending his driving privilege for a period of six months pursuant to Vehicle Code section 13353 (the implied consent law).

On June 3, 1967, appellant was arrested by Officer William T. Clark of the San Diego Police Department for violation of Vehicle Code section 23102 (driving a vehicle while under the influence of intoxicating liquor). He was advised of his constitutional rights as required by the *Miranda* decision. En route to the police station and at the station the police officer told appellant he would be requested to take one of three chemical tests to determine the alcoholic content of his blood. Appellant was told his refusal to submit to one of the three tests would result in the suspension of his driver's license. On three occasions Officer Clark asked appellant to submit to one of the three tests specified in Vehicle Code section 13353, and on each occasion appellant indicated he would submit to a blood test if his own doctor were permitted to draw the blood. After the third such answer, Officer Clark assumed appellant had refused to take a chemical test and booked him in the jail.

Appellant concedes on appeal he "had no right to have his physician withdraw the blood," but urges his insistence thereon should not be deemed a refusal to submit to a blood alcohol test because the officer did not explain that fact to him. This contention is without merit. The situation presented by this case is different from that which existed in *People* v. *Ellis,* 65 Cal.2d 529 [55 Cal.Rptr. 385, 421 P.2d 393], and in *Rust* v. *Department of Motor Vehicles,* 267 Cal. App.2d 545 [73 Cal.Rptr. 366].

In *Ellis,* as a part of the *Miranda* warning, the police advised the defendant he had the right to remain silent, but they failed to advise him that this did not include the right to

*Assigned by the Chairman of the Judicial Council.

refuse to participate in a voice identification test. In *Rust,* again as a part of the warning prescribed by *Miranda,* the defendant was told by the police officer he had the right to an attorney, but he was not told that he could not assert the right to consult an attorney in connection with his decision to submit, or not to submit, to the blood alcohol test specified by Vehicle Code, section 13353. In both *Ellis* and *Rust,* the discussion concerning the particular right involved was police-initiated and the advice given was erroneous or at least incomplete. In each case, the defendant may well have been misled into believing he had the right to refuse to take the proffered test without penalty because of what had been said to him by the police.

This is not so in the instant case. Appellant's then held misconception that he was entitled to have the blood drawn for the test by his own physician was in no way police-initiated. It was not the subject of any advice given to him by the police officer in explaining his constitutional rights under *Miranda.* It was doubtless the product of appellant's own thinking as evidenced by his statement to Officer Clark: "I've been reading the papers and I know my rights." Under such circumstances, the principle enunciated in *Ellis* and *Rust* is not applicable, and appellant's thrice-pronounced statement he would take a blood test on the condition his own physician be permitted to draw the blood was a refusal within the contemplation of section 13353 of the Vehicle Code. (*Fallis* v. *Department of Motor Vehicles,* 264 Cal.App.2d 373, 382 [70 Cal.Rptr. 595]; *King* v. *Kelly,* 9 App.Div.2d 840 [192 N.Y.S.2d 682].)

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.