[Civ. No. 9180. Fourth Dist., Div. One. Apr. 14, 1969.]

ROBERT VERN WETHERN, Plaintiff and Appellant, v. VERNE ORR, as Director of the Department of Motor Vehicles, Defendant and Respondent.

Kurilich, Slack & Ballard, James K. Batchelor and Robert E. Merritt, Jr., for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Michael J. Smolen, Deputy Attorney General, for Defendant and Respondent.

AULT, J. pro tem.*—Petitioner Robert Wethern appeals from a judgment of the superior court denying his petition for writ of mandate. He sought the writ to compel respondent Orr, as Director of the Department of Motor Vehicles, to set aside that department's decision revoking his driving privilege for a period of six months under the Implied Consent Law (Veh. Code, § 13353).

No testimony was offered at the trial and the court's finding and judgment are based upon the transcript of the testimony at the hearing before the department and the documents which were made part of that record. From that record the following undisputed facts appear: On May 12, 1967, appellant Wethern was arrested by Officer Bierer for violation of Vehicle Code section 23102 (driving a motor vehicle while under the influence of intoxicating liquor). At the scene of the arrest, appellant was advised by the officer of his constitutional rights under the *Miranda* decision. Among other things, he was told he had the right to remain silent and to refuse to answer questions, and that he had the right to consult an attorney before answering further questions. Appellant indicated he wanted to consult an attorney, and he was told he would be permitted to do so after he had been booked in the jail.

Appellant was transported by police vehicle to the sheriff's substation at Norwalk, California, where prior to booking appellant, Officer Bierer read the following statement to him: "You are requested to submit to a chemical test to determine the alcoholic content of your blood. You have a choice of whether the test is to be of your blood, breath or urine. A refusal will result in the suspension of your driving privilege for a period of six (6) months."

The officer then asked these questions of appellant and received these answers:

"Q. Do you refuse to take a blood test?

*Assigned by the Chairman of the Judicial Council.

"A. Yes, I feel I don't have legal council [*sic*] to represent me.

"Q. Do you refuse to take a breath test?

"A. I refuse everything.

"Q. Do you refuse to take a urine test?

"A. Yes, I do refuse. I feel I want a lawyer."

Neither before nor after these questions were asked and answered was it explained to appellant that, contrary to what he had been told at the arrest scene, he had no right to consult an attorney prior to deciding whether to take one of the three chemical tests.

A person arrested for driving a motor vehicle while under the influence of intoxicating liquor has no constitutional right to consult an attorney before deciding whether he will submit to one of the three chemical tests specified in Vehicle Code section 13353 (*Ent* v. *Department of Motor Vehicles,* 265 Cal.App.2d 936, 939 [71 Cal.Rptr. 726]; *Fallis* v. *Department of Motor Vehicles,* 264 Cal.App.2d 373, 380 [70 Cal. Rptr. 595]; *Finley* v. *Orr,* 262 Cal.App.2d 656, 663 [69 Cal. Rptr. 137].) However, where it becomes apparent the arrested person is confused, where his response to questions asked him concerning his willingness to take a chemical test clearly indicates he is asserting a right he has been told but moments before he was free to assert, then it is incumbent upon the officer to make an explanation. The arrested person should be told the constitutional rights previously explained to him are not applicable to the decision he must make concerning the three chemical tests, and he has no right to consult an attorney before making the decision that he will, or will not, submit to one of them. (*Rust* v. *Department of Motor Vehicles,* 267 Cal.App.2d 545, 547 [73 Cal.Rptr. 366].)

In the instant case, Wethern's refusal to submit to one of the proffered tests may well have resulted from the explanation of his constitutional rights made to him by the police officer. To the extent that explanation failed to point out the inapplicability of those rights to the decision to, or not to, submit to a chemical test under Vehicle Code section 13353, it was erroneous and misleading. A refusal brought about through these circumstances is not the refusal contemplated by the code section. (*Rust* v. *Department of Motor Vehicles, supra,* 267 Cal.App.2d 545, 547.)

Our previous holding makes it unnecessary to discuss other contentions urged on appeal. The other questions raised have

been decided adversely to appellant in recent appellate decisions.

The judgment is reversed with directions to the superior court to issue the writ.

Brown (Gerald), P. J., and Coughlin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 11, 1969. Mosk, J., and Sullivan, J., were of the opinion that the petition should be granted.