[Civ. No. 25559.   First Dist., Div. Four.   June 25, 1969.]

ROBERT RICHARD WEBER, Plaintiff and Appellant, v. VERNE ORR, as Director, etc., et al., Defendants and Respondents.

R. Frank Caccia for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Defendants and Respondents.

DEVINE, P. J.—This appeal is from a judgment denying a writ of mandate to set aside suspension of appellant's driving license for refusal to submit to a chemical sobriety test.

Police officers found appellant's car parked half on an access road and half on the Marina Green in San Francisco. Its lights were on, the motor was running, the gear selector was in "drive," and appellant was slumped over the wheel. When one of the officers attempted to open the driver's door, the car lunged forward, and the officer had to jump into the car and put the gear into "park" in order to stop it. Appellant was unsteady, his speech was slurred and his breath was strongly alcoholic. (He admits that he was intoxicated.) He was arrested for violation of Vehicle Code section 23102 (driving while under the influence of intoxicating liquor) and was advised of his rights. Appellant was requested at least three times to submit to a chemical test to determine the alcoholic content of his blood, but he refused to do so until he could call his attorney.

The drunk driving charge was dismissed, but following a hearing before the Department of Motor Vehicles, appellant's license was suspended for refusal to submit to a sobriety test under section 13353 of the Vehicle Code. At this hearing, appellant testified that he had been working on a boat docked

at the Marina and had then spent some time consuming intoxicating beverages with friends on a nearby boat. At about 8 o'clock he entered his vehicle to sleep. Because of the coolness of the evening he started his motor, rolled down the rear window, and turned on the heater. Appellant had not told the officer about the visit to the boat or about his desire to use the vehicle merely for the purpose of sleeping.

One of the major points made by plaintiff before the hearing officer was that there was no proof that the area "whereupon the vehicle was evidenced" (to use the hearing officer's words) was a highway within the meaning of section 360 of Vehicle Code. The hearing officer made no finding that appellant had been driving on a highway, but only that the officer had reasonable cause to believe that he had been driving a motor vehicle upon a highway while under the influence of intoxicating liquor. Thus, we do not know that the hearing officer disbelieved appellant's narration of his activities. The hearing officer, in order to support the finding which he did make, need only have found that the officer, who was not supplied with appellant's account, had reasonable cause to believe the facts recited.

The same omission is to be noted in the findings of the trial judge. Appellant had made the point in his petition for writ of mandate that he had not driven or moved his automobile, and that the vehicle was parked on gravel and grass and removed from any highway. In their return to the petition the respondents do not allege that appellant actually had been driving a vehicle on a highway, but that the "peace officer who made the arrest had reasonable cause to believe that petitioner had been driving a motor vehicle upon the highway while under the influence of intoxicating liquor." The judge's finding on the subject is that "it is not true that the evidence is insufficient to show that the arresting officers had reasonable cause to believe that petitioner had been operating a motor vehicle while under the influence of intoxicating liquor." In order to make his finding, the judge need not have passed on the question whether appellant actually had driven the vehicle on the highway. Indeed, the judge's finding does not say that the arresting officers had reasonable cause to believe that appellant had been operating a motor vehicle *on a highway*.

Section 13353 of the Vehicle Code, the implied consent statute, reads, so far as relevant: "(a) Any person who drives a motor vehicle upon a highway shall be deemed to have given his consent to a chemical test of his blood, breath or urine for

the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense allegedly committed while the person was driving a motor vehicle under the influence of intoxicating liquor. The test shall be incidental to a lawful arrest and administered at the direction of a peace officer having reasonable cause to believe such person was driving a motor vehicle upon a highway while under the influence of intoxicating liquor.'' ▪ It will be seen that in respect of the use of a highway there are two demands made by the statute in order to make effective the requirement for yielding to one of the tests. The first is contained in the initial sen- tence. A person must actually drive a motor vehicle upon a highway. It is this driving upon a highway which implies the giving of consent, as further described in the section.

The second demand contained in the statute is that a peace officer have reasonable cause to believe that the affected person was driving a motor vehicle upon a highway while under the influence of intoxicating liquor. The fact that the officer has reasonable cause to believe that a person was driving upon a highway is not sufficient if actually he was not so driving. If he was not driving upon a public highway, he did not impli- edly consent to the test, no matter what the appearances to the officer may have been. In this respect there is, of course, a difference between the subjects of driving upon a highway and of being under the influence of intoxicating liquor. As to the latter, reasonable appearances to the peace officer are sufficient.

▪ A highway is defined in section 360 of the Vehicle Code as follows: '' 'Highway' is a way or place of whatever nature, publicly maintained and open to the use of the public for purposes of vehicular travel. Highway includes street.'' There was no evidence that the road on which part of the vehicle rested was publicly maintained. We do not mean to say that it is essential, in order for the Department of Motor Vehciles to invoke section 13353 successfully, to prove that what plainly appears to be a highway actually fits the defini- tion, in the absence of challenge by the arrested person. But where the nature of the road is uncertain and a challenge is made as to its being a highway under section 360 of the Vehicle Code, the character of the road must be proved.

▪ There having been no finding, by referee or judge, that appellant drove the vehicle upon a public highway, the judgment denying the writ of mandate cannot stand.

▪ As an alternative holding we reverse the judgment

because appellant, having been advised of his constitutional rights, including the right to counsel, and having demanded counsel, could not be required to take the test in the absence of a further explanation that his constitutional rights did not apply to the decision to, or not to, submit it to a test under section 13353. (*Wethern* v. *Orr*, 271 Cal.App.2d 813 [76 Cal.Rptr. 807] ; *Rust* v. *Department of Motor Vehicles*, 267 Cal.App.2d 545, 547 [73 Cal.Rptr. 366].)

The judgment is reversed, with directions to the superior court to issue a writ of mandate.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied July 15, 1969, and respondents' petition for a hearing by the Supreme Court was denied August 20, 1969. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.