[Civ. No. 9163. Fourth Dist., Div. One. July 22, 1969.]

JAMES V. PEPIN, Plaintiff and Appellant, v. DEPART-MENT OF MOTOR VEHICLES, Defendant and Respondent.

Nielsen & Boudreau and Wesley H. Harris for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Alvin J. Korobkin, Deputy Attorney General, for Defendant and Respondent.

BROWN (Gerald), P. J.—The Department of Motor Vehicles ordered James V. Pepin's driver's license suspended for his refusal to submit to any of the blood alcohol tests required by Vehicle Code, section 13353, after he was arrested by an officer who had reasonable cause to believe he was driving while drunk (*Freeman* v. *Department of Motor Vehicles,* 70 Cal.2d 235, 237-238 [74 Cal.Rptr. 259, 449 P.2d 195]).

Pepin brought mandamus in the superior court to compel the DMV to reinstate his driving privileges. He lost, and appeals from the judgment.

As we must, we review the matter most favorably in support of the judgment. The trial court found upon substantial evidence Officer Tompkins arrested Pepin for drunk driving; requested him to take the blood alcohol test prescribed by Vehicle Code, section 13353; told him if he refused, his license would be suspended six months; Pepin refused to take the test, and after formal hearing the department ordered his license suspended.

Pepin was not entitled to consult his attorney before taking the test and his insistence upon consulting his attorney before taking the test supports the finding he refused to take it. (*Rust* v. *Department of Motor Vehicles,* 267 Cal.App.2d 545 [73 Cal.Rptr. 366].)

 Substantial evidence supports the court's implied finding Pepin was not misled by Tompkins' earlier warning Pepin had the right to an attorney. Pepin testified at the formal hearing of the board the reason why he said he wanted to call his attorney was because "You hear so much scuttlebutt . . . about the effects of all those tests . . . so I just didn't know which one to take . . . that is why I wanted the advice of an attorney." The court could reasonably conclude from Pepin's own testimony he was not misled by any advice the officer gave him respecting his right to an attorney, that Pepin independently attempted to assert his nonexistent right to counsel in connection with the tests.

 Pepin unmeritoriously asserts that because section 13353 does not permit an exception for "employment-livelihood" cases, similar to that of Vehicle Code, section 13210, he is denied the equal protection of the laws. The issue is whether section 13353 arbitrarily discriminates against certain classes of persons who refuse to take the chemical test, as opposed to other classes who also refuse the test. No discrimination exists. No particular class of person is selected for suspension for refusing a chemical test. The suspension is mandatory, not discretionary.

Pepin did not have a constitutional right to refuse to take the chemical test (*Finley* v. *Orr*, 262 Cal.App.2d 656, 662-663 [69 Cal.Rptr. 137]).

Judgment affirmed.

Coughlin, J., and Ault, J. pro tem.,* concurred.

*Assigned by the Chairman of the Judicial Council.