[Civ. No. 26191.   First Dist., Div. Two.   Aug. 27, 1969.]

WILLIAM CLIFFORD WEST, Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Victor D. Sonenberg, Deputy Attorney General, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

TAYLOR, J.—The Department of Motor Vehicles (hereafter Department) appeals from a judgment entered June 19, 1968, granting William Clifford West's petition for a temporary writ of mandamus setting aside the Department's suspension of his driver's license for his refusal to submit to one of the tests required by Vehicle Code section 13353.

No testimony was offered at the trial and the court's findings and judgment are based on the transcript of the testimony at the hearing before the Department and the documents that were made part of that record.

The record discloses the following facts: About 7:45 p.m. on October 28, 1967, two San Mateo deputy sheriffs saw respondent's car being driven in an erratic manner. They stopped the car and detected a strong odor of alcohol as they approached. Respondent's speech was slurred, his face was flushed and he had difficulty in standing. The officers asked him to perform a series of balance and coordination tests. In the course of the tests, he indicated to the officers that he had a partial paralysis in one of his legs. They gave careful consideration to this fact when they evaluated his very poor performance in the tests. At the conclusion of these tests, the officers reached the conclusion that respondent had been driving while under the influence of liquor and placed him under arrest. At this point, while still at the scene of the arrest, respondent was informed of his constitutional rights. This was accomplished by one of the deputies reading from the so-called *Miranda* card. Thereafter, respondent was placed in the police car and requested to submit to his choice of one of the three chemical tests required by Vehicle Code section 13353. This request was repeated at the police station. According to respondent's testimony, he refused to submit to the tests and stated that he wanted legal advice. The testimony of the police officers was not altogether clear on this point. Deputy Sheldon testified that respondent flatly refused to take the tests when he was first arrested and made no request for legal advice until after he was booked. Deputy

Boklund at one point was not certain whether respondent asked for legal advice at the scene of the arrest, and in other places, he testified respondent had asked for legal advice from the time he was first stopped and "all the way through."[1]

A person arrested for driving a motor vehicle while under the influence of intoxicating liquor has no constitutional right to consult an attorney before deciding whether he will submit to one of the three chemical tests specified in Vehicle Code section 13353 (*Ent* v. *Department of Motor Vehicles*, 265 Cal.App.2d 936, 938 [71 Cal.Rptr. 726]; *Fallis* v. *Department of Motor Vehicles*, 264 Cal.App.2d 373 [70 Cal.Rptr. 595]; *Finley* v. *Orr*, 262 Cal.App.2d 656, 663 [69 Cal.Rptr. 137]). However, when it becomes apparent the arrested person is confused and *where his response to questions asked him concerning his willingness to take a chemical test* clearly indicates he is asserting a right he has been told but moments before he was free to assert, then it is incumbent upon the officer to make an explanation. The arrested person should be told the constitutional rights previously explained to him are not applicable to the decision he must make concerning the three chemical tests, and that he has no right to consult an attorney before making the decision that he will, or will not, submit to one of them (*Rust* v. *Department of Motor Vehicles*, 267 Cal.App.2d 545, 547 [73 Cal.Rptr. 366]; *Wethern* v. *Orr*, 271 Cal.App.2d 813, 815 [76 Cal.Rptr. 807]).

In the instant case, there was a conflict in the evidence as to whether respondent requested legal assistance at or near the time he was first ordered by the officers to submit to the chemical tests, pursuant to Vehicle Code section 13353. Thus, there was sufficient evidence to sustain a finding that respondent's refusal to submit to one of the proffered tests

---

[1]"DEP. BOKLUND: During all of our conversation with Mr. West he requested legal advice, he never stated he wanted to see his lawyer. As to the request for him to take a chemical test to determine his alcoholic content of his blood, in the patrol car after being arrested he was read the *Miranda* rights. He refused all three tests. On further questioning at the County Jail the part we've gone over, the part of the interrogation. He answered some questions with no or home. Others were didn't wish to answer the question or he wished legal advice. That's the only thing he said to us then."

"...  .  .  .  .  .  .  .  .  .  .

"MR. TRUCE: 9:25 P.M. and this was an hour and forty-five minutes after he was picked up or stopped. An hour and forty minutes.

"DEP. BOKLUND: From the time of this original stop, yes. MR. TRUCE: Yes. And he is still saying that he wants to see a lawyer. My lawyer won't answer, I want legal advice. All the way through. Isn't that right? DEP. BOKLUND: That is correct."

may have resulted from his apparent confusion as to the applicability of the *Miranda* rights previously read to him.[2] However, the trial court here failed to make such a finding. The court's findings amounted to an adjudication that the failure to give the additional admonition that respondent was not entitled to legal advice before submitting to one of the tests required by Vehicle Code section 13353 is, per se, confusing to a defendant, and that said additional admonition must be given along with the *Miranda* warning in all instances before the penalties for refusal to comply with said section can be invoked.[3] We are not prepared to so hold.

As indicated above, the evidence relating to respondent's purported confusion is somewhat conflicting and may be susceptible to differing interpretations. Thus, it is necessary to send the case back to the trial court to make a finding as to whether or not the record does, in fact, show confusion on the part of respondent, which should have been apparent to the arresting officers. As Justice Brown stated in *Rust* v. *Department of Motor Vehicles*, on page 547; "When it became

[2] The People rely on *Walker* v. *Department of Motor Vehicles*, 274 Cal.App.2d 793 [79 Cal.Rptr. 433], wherein the appellate court affirmed a trial court's finding that Walker's refusal to take the test was not the result of confusion. In *Walker*, as here, the superior court heard the case on the record of the administrative hearing and exercised its independent judgment on the facts and made its own findings as it was required to do in this type of proceeding (*Finley* v. *Orr*, 262 Cal.App.2d 656, 666 [69 Cal.Rptr. 137]). We do not think that the holding in *Walker*, however, would foreclose the court here from finding, under the facts of this case, that respondent's refusal was the result of confusion occasioned by the officer's failure to advise "that the provisions of Section 13353 of the Vehicle Code are not within the provisions of the *Miranda* warning. . . ." There is here sufficient substantial evidence upon which the court could rely to support such a finding.

[3] "That, at the time of the arrest of petitioner, one of the arresting officers first made the statements to petitioner, which are commonly referred to as '*Miranda* warning', which includes the statement that the petitioner had the right to talk to a lawyer and have him present with him while he was being questioned, and thereafter, requested petitioner to submit to certain tests pursuant to Vehicle Code Section 13353 but did not advise the petitioner that the authorities take the position that the petitioner must agree to submit to one of the tests referred to in Section 13353 of the Vehicle Code without advice of counsel, and that petitioner therefore never had a proper choice presented to him under the provisions of Section 13353 of the Vehicle Code."

"That at the time of the arrest of petitioner, one of the arresting officers stated to petitioner the '*Miranda* warning', which includes the statement that he had the right to remain silent and thereafter, requested petitioner to submit to one of the chemical tests described in Vehicle Code Section 13353, but did not advise petitioner that the authorities take the position that the provisions of Section 13353 of the Vehicle Code are not within the provisions of the '*Miranda* warning' to the effect that the petitioner has the right to remain silent."

evident Rust thought he was entitled to an attorney and might have misconceived the warning, the officer should have elaborated by stating it was inapplicable to the blood alcohol test.''

The judgment is reversed with directions to the trial court to make the required finding.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied September 26, 1969, and the opinion was modified to read as printed above.