[Civ. No. 32371.   Second Dist., Div. Four.   Sept. 29, 1969.]

MARCELLO LAGOMARSINO, Plaintiff and Appellant, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

Willard D. Horwich for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Herbert Davis, Deputy Attorney General, for Defendant and Respondent.

FILES, P. J.—On April 12, 1967, appellant was arrested by officers with reasonable cause to believe he was driving an automobile under the influence of alcohol. Immediately upon arrest he was advised of his *"Miranda* rights."[1]

After appellant had failed the field sobriety tests he was requested to submit to a chemical test of blood alcohol, and warned that his failure to do so would result in a six months' suspension of his driver's license. This request and warning complied with Vehicle Code section 13353. Appellant stated he did not want to take any tests until he had had an opportunity to talk to his attorney. This statement was made in the police station as the officer was preparing to administer the breathalyzer test.

Appellant's refusal to submit to a chemical test was reported to the Department of Motor Vehicles, which eventually conducted a hearing (where appellant appeared with counsel and testified), and made an administrative order suspending the license.

Appellant then petitioned the superior court for a writ of mandate to review the administrative decision. The case was submitted there on the record of the administrative hearing, after which the superior court made findings which supported the administrative order, and denied relief. This appeal is from that judgment.

The sole issue argued on appeal is that his request for counsel was not a refusal to take the test, citing *Rust* v. *Department of Motor Vehicles* (1968) 267 Cal.App.2d 545 [73 Cal. Rptr. 366].

The *Rust* case does not support appellant's contention. In *Rust* the superior court made a finding of fact that, under

---

[1]See *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]. The only evidence as to the form of the advice given is in the arrest report which says: ". . . advised him of his constitutional right to remain silent, his right to legal counsel prior to and during any questioning and if unable to afford counsel, counsel would be provided; that any statements made by him could be used against him in any further criminal proceedings. Deft stated he understood his constitutional rights."

the circumstances there, the driver's demand for counsel did not constitute a refusal. Here there is no such finding.

We have recently reviewed the law on this subject in *Walker* v. *Department of Motor Vehicles,* 274 Cal.App.2d 793 [79 Cal.Rptr. 433] (filed July 14, 1969). ■ There we pointed out (1) a driver has no right to consult counsel before taking the chemical test, and (2) it is a question of fact whether the *Miranda* warning so confused and misled the driver that his demand for counsel prior to taking the test should not be regarded as an unjustified refusal.

Since the *Walker* opinion was written, three more cases have come down involving the juxtaposition of the *Miranda* warning, the request that the driver submit to a chemical test, and the driver's request for a consultation with counsel. These are *Weber* v. *Orr* (1969) 274 Cal.App.2d 288 [79 Cal.Rptr. 297]; *Pepin* v. *Department of Motor Vehicles* (1969) 275 Cal.App.2d 9 [79 Cal.Rptr. 657]; and *West* v. *Department of Motor Vehicles* (1969) 275 Cal.App.2d 908 [80 Cal.Rptr. 385]. The *Weber* case reversed on two grounds a judgment in favor of the department, one ground being that the driver's duty had not been explained to him adequately by the arresting officer. The evidence upon which that determination rests is not stated in the opinion. In both the *Pepin* and the *West* cases, the appellate courts treated the effect of the *Miranda* warning as one of fact, and decisions adverse to the drivers were affirmed. Those two opinions support the view expressed in the *Walker* case, which we regard as controlling here.

■ In the case at bench there is adequate evidence to support the finding that appellant refused the test. Although he testified at the administrative hearing, he did not say he was misled or confused by what the officer told him. He did not even testify that he had heard the officer mention a right to counsel.

Appellant's testimony at the administrative hearing includes this: "And I asked for—this question twice, the first time, when I first was brought in, I asked if I could make my call and call my attorney and I was told no, and I was told to shut up and sit down, and the second time I was asked— when he asked me to take the test, I asked the second time. And I wasn't allowed to do that."

Since there was substantial evidence to support the findings of the trial court that the appellant was requested to take a chemical test and that he refused, those findings are conclusive on appeal.

The judgment is affirmed.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied October 22, 1969.