[Civ. 26435. First Dist., Div. Three. Nov. 6, 1969.]

LAWRENCE ARTHUR SMITH, Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

500

## COUNSEL

Thomas C. Lynch, Attorney General, and Matthew P. Boyle, Deputy Attorney General, for Defendant and Appellant.

Graves & Gifford and Bruce Crawford for Plaintiff and Respondent.

## OPINION

**BROWN (H. C.), J.**—This is an appeal by the Department of Motor Vehicles from a judgment of the superior court granting Arthur Smith's (respondent) petition for writ of mandamus setting aside the department's suspension of his driver's license for refusal to submit to one of the sobriety tests required by Vehicle Code section 13353.[1]

---

[1]Vehicle Code section 13353, subdivision (a) requires a person to submit to a chemical test of his blood, breath or urine if he has been lawfully arrested for an offense committed while driving a motor vehicle under the influence of alcohol and

The facts disclose that respondent was driving his automobile erratically and straddling two lanes in the City of Oakland. Officer Coffman of the Oakland Police Department, after observing Smith, stopped him and, upon questioning, observed Smith's bloodshot eyes, heavy odor of alcohol and slurring speech. Officer Coffman proceeded to administer field sobriety tests, which respondent refused to complete. He was placed under arrest and warned of his constitutional rights to have an attorney present at all stages of the proceedings.

The officer then read to respondent from a printed form for one of the tests required by Vehicle Code section 13353 as follows: "You are requested to submit to a chemical test to determine the alcoholic content of your blood. You have a choice of whether the test is to be of your blood, breath or urine. A refusal will result in the suspension of your driving privilege for a period of six months." Respondent then replied, "I want, I guess, to see a lawyer before I go to the station." The officer then attempted to explain to respondent that his constitutional right to have an attorney present did not allow him the right to consult an attorney before deciding whether he would submit to a chemical test. In trying to differentiate between constitutional rights to counsel and the provisions of the Vehicle Code requiring submission to a chemical test, the officer stated: ". . . this is a requirement of the Vehicle Code—if you don't submit to the test, chances are that you will lose your license, and that its [sic] the law." The officer also informed respondent "that it was mandatory that he take a test and his refusal to take the test could lead to the suspension of his license." The officer testified that although the above explanations were not included in the statement he was required to make pursuant to Vehicle Code section 13353, they were recorded on other police reports which were not present at the hearing.

There is no record of the respondent making any statement other than that mentioned above and respondent did not testify at the hearing.

The trial court concluded that the Motor Vehicle Department's finding that the officer told respondent that his driver's license would be suspended for six months if he refused to submit to the test was not supported by the evidence.

■ While the function of this court is not to resolve conflicts in the evidence, but to determine only if there is substantial evidence to support the trial court's findings (*Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 308 [196 P.2d 20]) when a conclusion (whether it be characterized

the police officer had reasonable cause to believe the person was driving while under such influence.

Vehicle Code section 13353, subdivision (b) provides for suspension of the driver's license for six months by the Department of Motor Vehicles upon refusal to submit to one of the tests after being told that said refusal will result in such suspension.

as a finding of ultimate fact or a legal conclusion) is drawn from specific probative findings, it cannot stand if it is not supported or is inconsistent with the specific probative findings. ■ The question whether probative facts support the conclusions drawn from them does not involve weighing or resolving conflicts in the evidence or judging the credibility of witnesses; it is a *question of law reviewable on appeal. (Autry* v. *Republic Productions, Inc.,* 30 Cal.2d 144 [180 P.2d 888].)

■ Here there is no conflict in the evidence. Officer Coffman read the requirements of Vehicle Code section 13353 from a card to respondent and informed him of the consequences of the refusal to take one of the tests. Respondent refused. It is true that Officer Coffman in again warning respondent of the penalty of the refusal stated: ". . . this is a requirement of the Vehicle Code—if you don't submit to the test, chances are that you will lose your license, and that its [*sic*] the law."

We have concluded that the use of the words "chances are" did not vitiate compliance with Vehicle Code section 13353.

In *Janusch* v. *Department of Motor Vehicles,* 276 Cal.App.2d 193, 196-197 [80 Cal.Rptr. 726]; we stated: "The revocation by the Motor Vehicle Department results only after a formal hearing and (a) a showing of probable cause that respondent was arrested while driving under the influence of alcohol, (b) a warning after the making of the arrest, and (c) the refusal to take the test. (*Sidler* v. *Strelecki,* 98 N.J.Super. 530 [237 A.2d 903].) The failure to prove all requirements will result in the license not being revoked despite the failure to take the test.

"It is, of course, highly preferable that the warning be stated in the positive terms of the statute, and it is true that the chances of the license being suspended are considerably greater than are the chances of exoneration but that is what the officer indicated. It was probable that the license would be revoked but not positive. [Footnote omitted.]"

Here, also, respondent was given the specific and accurate warning at the scene of his arrest when the officer read the requirements of section 13353 from a printed form.

We have concluded, as in *Janusch* v. *Department of Motor Vehicles, supra,* 276 Cal.App.2d 193, that the use of the word "chances" when coupled with the specific prior instruction did not vitiate compliance with section 13353.

■ Respondent contends further that his refusal to take one of the tests was due to confusion resulting from being advised of his right to counsel in the *Miranda* warnings.

█ It is well settled that a person arrested for driving a motor vehicle while under the influence of intoxicating liquor has no constitutional right to consult an attorney before deciding whether he will submit to one of the three chemical tests specified in Vehicle Code section 13353. (*Ent* v. *Department of Motor Vehicles,* 265 Cal.App.2d 936, 938 [71 Cal.Rptr. 726]; *Fallis* v. *Department of Motor Vehicles,* 264 Cal.App.2d 373 [70 Cal.Rptr. 595]; *Finley* v. *Orr,* 262 Cal.App.2d 656, 663 [69 Cal.Rptr. 137].) █ However, it is also established that when the arrested person is confused and where his replies to requests concerning his willingness to submit to a chemical test indicate he is asserting a right which he mistakenly believes was just communicated to him, i.e., the right to have an attorney present, then it is incumbent upon the arresting officer to elaborate upon the warning. The arrested person should be explicitly informed that the constitutional rights previously explained to him are not applicable to the decision he must make concerning the three chemical tests, and that he has no right to consult an attorney before making the decision that he will, or will not, submit to one of them. (*Rust* v. *Department of Motor Vehicles,* 27 Cal.App.2d 545, 546 [73 Cal.Rptr. 366]; *Wethern* v. *Orr,* 271 Cal.App.2d 813, 815 [76 Cal.Rptr. 807]; *West* v. *Department of Motor Vehicles,* 275 Cal.App.2d 908, 910 [80 Cal.Rptr. 385].)

█ But the factual situation here does not come within *Rust, supra; Wethern, supra* or *West, supra.* In *Rust* the superior court made a finding that under the circumstances there the driver's demand for counsel did not constitute a refusal. Here there is no such finding. In *Wethern* the defendant was asked, "Do you refuse to take a blood test?" and the defendant answered, "Yes, I feel I don't have legal council [*sic*] to represent me." (pp. 814-815.) Thus there was a basis for the court's feeling that defendant should have been advised that he did not have the right to consult counsel relative to taking one of the tests. In *West* the testimony of the arresting officer was conflicting as to whether the defendant asked for an attorney, and the court on appeal remanded to the trial court on the basis that the defendant's refusal to submit to one of the tests may have been the result of confusion as to the applicability of *Miranda* rights which had been read to him.

Here the trial court made no finding on the issue of confusion. We find no basis for inferring such from the record. Respondent did not testify either before the hearing officer of the Motor Vehicle Department or the court, which he had the right to do on the mandamus proceeding. (See *Dare* v. *Board of Medical Examiners,* 21 Cal.2d 790, 794-795 [136 P.2d

304]; *Ishimatsu* v. *Regents of University of Cal.*, 266 Cal.App.2d 854, 860 [72 Cal.Rptr. 756], relative to supplementing the record of the administration proceedings at the mandamus hearing.) Here the arresting officer was explicit in informing respondent of the consequences of his refusal to submit to one of the required tests. (See *Lacy* v. *Orr,* 276 Cal.App.2d 198 [81 Cal.Rptr. 276]; *Lagomarsino* v. *Department of Motor Vehicles,* 276 Cal.App.2d 517 [81 Cal.Rptr. 193].) The arresting officer, of course, must advise on the requirements for the taking of one of the alcoholic tests by reason of the Vehicle Code provisions. He further must advise on the consequences of a refusal to take the test. It is apparent that it would be unreasonable for us to require the officer to do more, unless there is an affirmative showing that the defendant was confused by the *Miranda* warning, especially under the circumstances, as here, involving a person who has been arrested for his actions which indicate that his confusion, if any, was induced by alcohol consumption. It is settled that confusion resulting from being too drunk to understand admonishment is no defense.

We have concluded that the words "chances are that you will lose your license" complied with the Vehicle Code requirements when considered with the officer's prior reading of the exact language of the Vehicle Code section to the respondent. (See *Janusch* v. *Department of Motor Vehicles, supra,* 276 Cal.App.2d 193, 197.)

We have also concluded that the facts here do not show any confusion as in *Rust* v. *Department of Motor Vehicles, supra,* 267 Cal.App.2d 545, requiring further clarification by the arresting officer.

The judgment is reversed with directions to enter judgment denying the writ of mandate.

Draper, P. J., and Caldecott, J., concurred.