[Civ. No. 36755. Second Dist., Div. One. Feb. 1, 1971.]

ALBERT MANSFIELD MAXSTED, Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## COUNSEL

Evelle J. Younger and Thomas C. Lynch, Attorneys General, and David W. Halpin, Deputy Attorney General, for Defendant and Appellant.

Ball, Hunt, Hart, Brown & Baerwitz, and Robert Aitken for Plaintiff and Respondent.

## OPINION

**THOMPSON, J.**—This is an appeal from a judgment granting a peremptory writ of mandate directing appellant to vacate its action suspending respondent's driver's license for failure to submit to a blood, breath, or

urine test as required by the implied consent law of the State of California (Veh. Code, § 13353). We reverse the judgment and direct that the trial court deny the writ.

## Facts

Read in the light most favorable to the findings of fact of the trial court, the record reveals the following. On July 10, 1969, respondent was lawfully arrested by police officers of the City of Long Beach who had reasonable cause to believe that he had been driving a vehicle upon a highway while under the influence of intoxicating liquor. At the time of his arrest, respondent was advised of his *Miranda* rights by each of two officers. Officer Lewis informed respondent that he had a right to have a lawyer present "during any questioning." Officer Sims phrased the *Miranda* warning in terms that respondent "had the right to have an attorney present before he said anything." While respondent was being booked, Sergeant Johnson repeated the *Miranda* warning in essentially the same phraseology used by Sims. Sergeant Johnson twice orally advised respondent of the requirements of Vehicle Code section 13353. He told appellant "that he was required to submit to a chemical test to determine the alcoholic content of his blood and that he had a choice of blood, breath, or urine, and that his driving privilege would be suspended for six months if he refused." Respondent was also permitted at his request to read a written statement of the requirements of Vehicle Code section 13353 phrased somewhat more elegantly. When the officers requested respondent to submit to a chemical test, he said "No."

Respondent believed, based upon the action of a friend at the time of his arrest, that an attorney was coming to advise him. He refused the chemical test for that reason. Respondent, however, did not communicate his reason for refusing the test to the officers. Respondent was not advised that his constitutional right to representation by an attorney "did not extend to advice of counsel in reference to the taking of a chemical test."

Appellant, Department of Motor Vehicles, instituted proceedings pursuant to Vehicle Code section 13353 to suspend respondent's driver's license for failure to submit to a chemical test as required by that section. After a formal administrative hearing, the department found that respondent had refused to submit to a required test and ordered the suspension. Respondent, pursuant to Code of Civil Procedure section 1094.5, filed the action in administrative mandamus which results in the case at bench. The trial court, exercising its independent judgment based upon the record of the administrative proceedings, found that: "The finding [of the administrative agency] that the plaintiff [respondent] refused to submit to a chemical test to determine the alcoholic content of his blood is not

supported by the weight of the evidence received at the formal hearing because the arresting officers and booking sergeant did not advise plaintiff that his constitutional rights to representation by an attorney did not extend to advice of counsel in reference to the taking of a chemical test or to have an attorney present during the administration of a chemical test, and as a result the plaintiff was confused and misled and his refusal was not an intelligent refusal and his failure to submit to the test was induced thereby." The trial court concluded that as a matter of law the arresting and booking officers should have advised respondent that the constitutional right to counsel does not extend to the advice of counsel prior to and at the time of making a decision with respect to the chemical test.

### Issue on Appeal

Appellant, Department of Motor Vehicles, contends that the record establishes as a matter of law that respondent refused a chemical test within the meaning of Vehicle Code section 13353 and that the finding of the trial court to the contrary is unsupported by the evidence. We conclude that the contention is correct.

### Refusal of Chemical Test

Vehicle Code section 13353 imposes upon a person driving upon the highways of California the obligation to submit to a chemical test of blood, breath, or urine if he is lawfully arrested under circumstances constituting reasonable cause to believe that he was driving a motor vehicle upon the highway while under the influence of intoxicating liquor. The section provides that "If . . . such person refuses the . . . request to submit to, . . . a chemical test, the department [of Motor Vehicles] . . . shall suspend his privilege to operate a motor vehicle for a period of six months." The only issue before us on this appeal concerns the presence or absence in the record of substantial evidence to support the finding of fact of the trial court that respondent did not refuse to submit to a chemical test. Our review of the record establishes that there is no substantial evidence supporting that finding and that, to the contrary, the record leads only to the conclusion that respondent refused.

The evidence is uncontradicted that respondent was twice orally requested to comply with his obligation to submit to a chemical test pursuant to Vehicle Code section 13353 and on a third occasion was permitted to read a written statement of that obligation. The evidence is equally uncontradicted that, in response to the repeated request that he submit to a test, respondent answered, "No." That statement can only be interpreted as a refusal to submit to one of the required chemical tests.

Respondent argues, as the trial court found, that "The state of respondent's mind is the determinative issue. . . . It is not determinative that respondent said 'no'. . . . The question is why he did say 'no'." He bases that argument upon language in a number of California decisions which have held that, where a suspect arrested for driving while under the influence is warned of his *Miranda* rights and then is told of his obligation to take a chemical test, his demand for counsel will not be interpreted as a refusal to take a test if it arises out of confusion created by the *Miranda* warning.

Respondent's argument misconceives the law. █ The determining factor is not the state of the suspect driver's mind, it is the fair meaning to be given his response to the demand that he submit to the chemical test. Thus, if after a *Miranda* warning (particularly if it is overbroad and encompasses a right to counsel at more than interrogation) a suspect replies to a demand for a chemical test with a request for counsel, a trial court may fairly interpret that request as something other than a refusal unless the officer then informs the suspect that the *Miranda* warning is inapplicable to the test. (*Rust* v. *Department of Motor Vehicles,* 267 Cal.App.2d 545, 547 [73 Cal.Rptr. 366]; *Kingston* v. *Department of Motor Vehicles,* 271 Cal.App.2d 549, 554 [76 Cal.Rptr. 614], demand for counsel "misconceived" as an "outright refusal"; *Walker* v. *Department of Motor Vehicles,* 274 Cal.App.2d 793, 799 [79 Cal.Rptr. 433], "If the evidence shows the officer made ambiguous or conflicting statements, that evidence has a bearing on whether . . . the response of the driver indicated his confusion rather than his refusal to perform a statutory duty."; *Lagomarsino* v. *Department of Motor Vehicles,* 276 Cal.App.2d 517 [81 Cal.Rptr. 193].) Unlike the situation in *Rust, Kingston, Walker,* and *Lagomarsino,* and similar cases, respondent, after having been warned of his *Miranda* rights and having been requested to submit to a chemical test, did not request an attorney; he answered the request with an unqualified "No." █ A request for an attorney in context of a *Miranda* warning can be construed as ambiguous rather than a refusal, thus presenting a factual issue for determination by the trial court. There is no room for construction of the word "No" given in reply to a demand for the chemical test. That word can mean only a refusal of the test.

The trial court based its decision upon the proposition that there is a duty upon an officer giving a *Miranda* warning to explain that the right to counsel does not apply to the suspect's statutory obligation to submit to a chemical test. It concluded that a failure to perform the purported duty in the case at bench rendered respondent's refusal to submit to the test "not an intelligent refusal." █ Our Supreme Court has held, however,

that there is no duty imposed upon the officer demanding the test to explain the niceties of the implied consent law. (*Kesler* v. *Department of Motor Vehicles,* 1 Cal.3d 74, 78 [81 Cal.Rptr. 348, 459 P.2d 900].) Court of Appeal cases which have discussed a duty to expand on the *Miranda* warning have done so in the context that an explanation is necessary if something less than a refusal of the test, i.e., a demand for counsel, is to be construed as a refusal. We thus conclude that the trial court applied an improper standard to the situation present here where there was no demand for an attorney. ■ Nor is there any requirement of the applicable law that a refusal of the test be "intelligent" in order to trigger the sanction of suspension of the driver's license. The contrary was held in *Bush* v. *Bright,* 264 Cal.App.2d 788, 791 [71 Cal.Rptr. 123], which sustains the suspension of a driver's license for refusal of a test by a suspect found by the trial court on substantial evidence to have been "incapable of refusing to so submit because of his extreme intoxication." Our Supreme Court denied hearing in *Bush.*

### *Disposition*

We conclude that the action of the appellant, Department of Motor Vehicles, ordering suspension of respondent's driver's license for six months was correct, and that the trial court erred in entering its judgment granting a writ of mandate to set aside that determination. The judgment is reversed with directions to the trial court to enter judgment denying the peremptory writ of mandate.

Wood, P. J., and Gustafson, J., concurred.