[Civ. No. 28179. First Dist., Div. Three. Mar. 9, 1971.]

ERNEST JOHN GIOMI, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## COUNSEL

Evelle J. Younger, Attorney General, and Eugene Kaster, Deputy Attorney General, for Defendant and Appellant.

Jack Coffey and Robert Y. Bell for Plaintiff and Respondent.

## OPINION

**DRAPER, P. J.**—The department ordered suspension of Giomi's driver's license because of his refusal to take one of the three tests required by law (Veh. Code, § 13353) when he was arrested for drunk driving. After hearing, the superior court issued peremptory writ of mandate requiring the department to vacate its order. The department appeals.

 The arresting officer advised respondent only that his driver's license *could* be suspended if he failed to take one of the tests. But the code section requires warning that the license *will* be, or *would* be suspended in the event of refusal.

 Proper warning of the consequence of refusal is one of the elements essential to suspension of license under the code (*Janusch* v. *Department of Motor Vehicles*, 276 Cal.App.2d 193, 196 [80 Cal.Rptr. 726]). We have held that an admonition is adequate if it states that refusal "would probably" cause suspension (*Janusch* v. *Department of Motor Vehicles, supra*) or that "chances are that you will lose your license" if you refuse (*Smith* v. *Department of Motor Vehicles*, 1 Cal.App.3d 499 [81 Cal.Rptr. 800]). But in each case we emphasized that the language used adequately conveyed to

the driver the strong likelihood that the adverse result would follow upon refusal. ■ The word "could," however, carries but a meaning of possibility and in common usage often refers to a result more remote than likely.

We recognize the strong public policy which led to the adoption of the statute (*Bush* v. *Bright,* 264 Cal.App.2d 788, 790 [71 Cal.Rptr. 123]), and the obligation of the courts to interpret the statute liberally to effect its desirable objective (*id.,* p. 792). Similarly we acknowledge readily that a driver who is intoxicated, as respondent concedes he was, is unlikely to draw fine distinctions in the use of language. But the likely befuddlement of the hearer of the warning may well have motivated the Legislature to require a warning phrased in absolute terms.

The statute does require a warning, and we think we reached the ultimate in liberal interpretation in finding "probably" and "chances are" to suffice. The language here used reduces the admonition to one of bare possibility, which thus amounts to no warning at all.

Judgment affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 6, 1971.