Opinion
 

 HOPPER, J.
 

 On November 15, 1975, appellant was arrested for driving under the influence of intoxicating liquor (Veh. Code, § 23102, subd. (a)). A formal hearing took place at the Department of Motor Vehicles as to suspension of appellant’s driving privilege in California. At the hearing the parties stipulated that the arresting officer had reasonable cause to believe that appellant was under the influence and that the
 
 *618
 
 arrest was lawful. Officer McClain testified that after arresting appellant he placed him in the back of the patrol car and read him the admonition required by Vehicle Code section 13353, stating as follows: “You are required by state law to submit to a chemical test to determine the alcoholic content of your blood. You have a choice of whether the test is to be of your blood, breath or urine. If you refuse to submit to a test or fail to complete a test your driving privilege will be suspended for a period of six months. You do not have the right to talk to an attorney or to have an attorney present before stating whether you will submit to a test, before deciding which test to take, or during the administration of the test chosen.” Appellant told Officer McClain that he would take a breath test. McClain then transferred him to the Kern County jail, where the breath machine was located. At this point appellant refused to take the test; McClain asked him why and appellant stated that he didn’t want a California license.
 

 Appellant stated that he did not remember being advised of his rights in the patrol car. He claimed that at the station house McClain told him that he wouldn’t be able to get a California driver’s license, and he said that he didn’t want one, because he thought he would be able to drive with his Texas one. He testified that he would have taken the test had he realized that his California driving privilege could be suspended for six months even though he had a valid Texas license. He recalled no discussion as to whether his Texas license would still be valid in California if he refused to submit to the test.
 

 Officer McClain testified that he did not recall telling appellant that he couldn’t get a California driver’s license if he did not take the test.
 

 Following the hearing respondent issued an order suspending the driving privilege of appellant for six months for failure to submit to a chemical test following the arrest. Appellant sought mandamus in the superior court. After a hearing the superior court denied the writ and this appeal was filed.
 

 Appellant contends he was improperly advised of the consequences of his refusal to take a chemical test; that is, he claims that refusal to take a chemical test was excused by officer-induced confusion and that Vehicle Code section 13353 is confusing per se to an out-of-state driver. Each of these contentions lack merit.
 

 
 *619
 
 Appellant argues that he was improperly advised. He points out that although the State of California has no jurisdiction to suspend a Texas license, it can suspend á Texas licensee’s privilege to drive. He argues that appellant should have been informed of this fact, especially in light of appellant’s comment that he didn’t want a California license.
 

 Appellant’s reliance on
 
 Decker
 
 v.
 
 Department of Motor Vehicles
 
 (1972) 6 Cal.3d 903 [101 Cal.Rptr. 387, 495 P.2d 1307] is misplaced. In
 
 Decker,
 
 the defendant was arrested for driving under the influence of intoxicating liquor and was advised that if he refused to take the test his driving privilege
 
 could
 
 be suspended for a period of six months. Defendant stated “ ‘. . . they won’t take my driver’s license’ ”
 
 (id.,
 
 at p. 905) and refused to take the test. The court held that his driving privilege could not be suspended on the basis of this warning. It pointed out that Vehicle Code section 13353 requires that the arrested driver
 
 “shall
 
 be told that his failure to submit to or complete such a chemical test
 
 will
 
 result in the suspension of his privilege to operate a motor car for a period of six months.” (Italics added.) It also concluded that the warning given was misleading in that it suggested that the suspension of driving privileges was a discretionary procedure, whereas in fact the statute requires suspension in such circumstances.
 

 The present case is distinguishable from
 
 Decker.
 
 Here the admonition complies fully with the statutory language. Moreover, the warning is unambiguous on its face: it states that one’s driving privileges will be suspended for six months, and this is in fact what happens. The admonition does not suggest or imply that any exception is made for drivers with out-of-state licenses.
 

 Decker
 
 does not require the officer to correct any misconception appellant might have had that there was an exception for drivers with out-of-state licenses. The warning itself is not misleading. Nor does it lead to misconception. “[T]here is no duty imposed upon the officer demanding the test to explain the niceties of the implied consent law.”
 
 (Maxsted
 
 v.
 
 Department of Motor Vehicles
 
 (1971) 14 Cal.App.3d 982, 987 [92 Cal.Rptr. 579].)
 

 Appellant further argues that his refusal to take the test was a qualified refusal based on an honest and reasonable misconception and was therefore no justification for suspension of his driving privilege. He relies on
 
 Rust
 
 v.
 
 Department of Motor Vehicles
 
 (1968) 267 Cal.App.2d 545 [73 Cal.Rptr. 366] and
 
 Wethern
 
 v.
 
 Orr
 
 (1969) 271 Cal.App.2d 813 [76 Cal.Rptr. 807].
 

 
 *620
 
 In both
 
 Wethern
 
 and
 
 Rust,
 
 the licensee was advised of his
 
 Miranda
 
 rights following his arrest and then given the admonishment pursuant to Vehicle Code section 13353, which at that time did not state that the licensee was not entitled to an attorney before deciding whether to submit to a test. In each case the licensee refused to take the test, insisting that he wanted his attorney. Both courts held that the police officer had misled the licensee by giving him the
 
 Miranda
 
 warnings into believing he could demand an attorney before submitting to the test.
 

 The present case is distinguishable from
 
 Rust
 
 and
 
 Wethern.
 
 Both of those cases involved officer-induced confusion. “Refusals to take tests have never been excused in California on any ground other than officer-induced confusion . . .”
 
 (McDonnell
 
 v.
 
 Department of Motor Vehicles
 
 (1975) 45 Cal.App.3d 653, 659 [119 Cal.Rptr. 804]). In this case, there was nothing stated by the officer to induce confusion into appellant’s mind. The case is analogous to a refusal to submit in the absence of an attorney when the licensee has not been misled into believing he has such a right
 
 (Reirdon
 
 v.
 
 Director of Dept. of Motor Vehicles
 
 (1968) 266 Cal.App.2d 808 [72 Cal.Rptr. 614]) or the insistence that the tests be performed by the licensee’s own doctor
 
 (Beales
 
 v.
 
 Dept. of Motor Vehicles
 
 (1969) 271 Cal.App.2d 594 [76 Cal.Rptr. 662]).
 

 Had the police officer actually informed appellant that the consequence of failing to take the test would be that he could not obtain a California driver’s license it could perhaps be argued that the officer had induced confusion in appellant’s mind. However, Officer McClain testified that he did not recall making such a statement, and the court was free to disbelieve appellant’s testimony to the contrary. Inas-. much as appellant did not request findings of fact and conclusions of law it is presumed the trial court made those findings necessary to support the judgment
 
 (Cahall
 
 v.
 
 Department of Motor Vehicles
 
 (1971) 16 Cal.App.3d 491, 495 [94 Cal.Rptr. 182]).
 

 Vehicle Code section 13353 is not per se confusing to an out-of-state driver merely because there is no special supplementary explanation for such a driver. The statute clearly includes all persons who drive in California, whether or not they are licensed by any state.
 
 [1]
 
 Only the statutory advisement is required. Thus, the arrested driver does not have a right to be advised that he can take additional tests at his own expense
 
 *621
 

 (Kesler
 
 v.
 
 Department of Motor Vehicles
 
 (1969) 1 Cal.3d 74, 78, 79 [81 Cal.Rptr. 348, 459 P.2d 900]) or that the right to remain silent does not apply to the chemical testing process
 
 (Lampman
 
 v.
 
 Department of Motor Vehicles
 
 (1972) 28 Cal.App.3d 922, 938 [105 Cal.Rptr. 101]). No special supplementary explanation is required for an out-of-state driver.
 

 The judgment is affirmed.
 

 Brown (G. A.), P. J., and Franson, J., concurred.
 

 [1]
 

 Section 13552 of the Vehicle Code which appears in the same chapter as section 13353 provides in part: “(a) [t]he privileges of a nonresident to operate vehicles in this state may be suspended or revoked under the provisions of this chapter in the same manner and to the same extent as the privileges of a resident driver.”