No. 22569.

Darwin D. Clark *v.* Clyde B. Bunnell, Gerri Von Frellick, Alexander B. Holland, Industrial Uranium Co., a Utah corporation, and W. R. Grimshaw Co., an Oklahoma corporation.
(470 P.2d 42)

Decided June 1, 1970.     Rehearing denied June 22, 1970.

WILLIAMS, TAUSSIG & TRINE, WILLIAM D. NEIGHBORS, for plaintiff in error.

SHELDON and NORDMARK, RICHARD C. MCLEAN, GEORGE M. ALLEN, for defendants in error.

WHITE and STEELE, JOHN E. CLOUGH, for defendant in error Clyde B. Bunnell.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THE parties are aligned as they were in the trial court and will be referred to herein as plaintiff and defendants or by name.

This action arose out of an automobile collision. Plaintiff had turned into the Crossroads Shopping Center parking lot in Boulder, Colorado, and was proceeding in a westerly direction when his automobile was struck by an automobile driven by defendant Bunnell. As a result of the collision, the plaintiff brought suit against Bunnell and the other defendants who are owners of the shopping center and parking lot where the accident occurred. Plaintiff alleged that Bunnell negligently operated his automobile and that his negligence was a proximate cause of the plaintiff's injuries. Plaintiff's theory of action against the shopping center owners was that the center negligently failed to provide traffic control devices on the lot and negligently failed to warn the public of alleged dangerous and defective conditions occasioned by the failure to provide the devices.

The case was tried to a jury which returned a special verdict finding that all parties to the action were negligent. The trial court accordingly entered a judgment dismissing the plaintiff's complaint, and it is from this judgment that plaintiff prosecutes this writ of error. The assignments of error relate to instructions given by the trial court or tendered to and refused by the trial court.

Perceiving no reversible errors, we affirm the judgment.

I.

Although he did not object at trial, the plaintiff now asks us to notice under C.R.C.P. 111(f), an alleged error with regard to instruction number 3. The plaintiff contends the trial court erroneously instructed on negligence when it told the jury that negligence is "... the doing of something which an ordinarily prudent person

*would have done* under the circumstances of the case...."
(Emphasis added.) Admittedly, the instruction was
erroneous and should have read "would *not* have done."

The plaintiff relies on *Hoggard v. General Rose Me-
morial Hospital Assoc.*, 160 Colo. 459, 420 P.2d 144, as
authority not only for us to notice the error, but also
as authority to reverse the judgment below. In the
*Hoggard* case, the lower court erroneously instructed on
proximate cause and the jury returned a general verdict
for the hospital. While that case is similar to the instant
one, we think it is distinguishable and not controlling
here.

In the *Hoggard* case, the jury returned a *general verdict*
for the hospital and there was no alternative but to
reverse, since it was not possible to determine whether
the erroneous instruction resulted in a verdict for the
hospital.

In the instant case, however, we are faced with an
entirely different situation. The jury was erroneously
instructed on negligence, but properly instructed on con-
tributory negligence. It then returned a *special verdict*
finding all defendants negligent and the plaintiff con-
tributorily negligent. We can, because of the special
verdict, determine whether or not the erroneous instruc-
tion resulted in a verdict for the defendants and it is
clear it did not. The verdict for the defendants resulted
because the jury obviously found that the plaintiff was
contributorily negligent.

The prejudice here was not to the plaintiff but to the
defendants who do not now complain. It is therefore not
reversible error under these circumstances.

II.

■■ Instruction No. 11 sets forth the provisions of
C.R.S. 1963, 13-5-32 (careless driving), and states that
this statute was in force and effect at the time and place
of the accident. The jury was instructed "... that under
the circumstances of this case a violation of the above

Statute by any party to this suit would constitute negligence per se, that is, negligence in and of itself."

The plaintiff contends that the court erroneously gave this instruction because the careless driving statute is not applicable on a private parking lot of a shopping center, where this accident occurred. He bases his contention on the proposition that the word "to" in C.R.S. 1963, 13-5-1(c) ["The provisions of sections 13-5-17 to 13-5-32 shall apply upon highways and elsewhere throughout the state"] should be interpreted so as to exclude 13-5-32 as one of the sections which not only applies on highways but also elsewhere throughout the state. In other words, the plaintiff argues that 13-5-1(c) provides that statutes beginning with 13-5-17 and ending with 13-5-31 are applicable on such places as parking lots of shopping centers, but that section 13-5-32 et seq. applies only to vehicles operated on the highways of the state. According to the plaintiff's argument, had the legislature intended section 13-5-32 to apply at places other than highways, it would have used "through" and not "to" in section 13-5-1(c).

We do not agree that the word "to" as used in 13-5-1(c) must necessarily be interpreted as exclusionary. The word "to" in a statute may be interpreted as exclusionary or inclusionary depending on the legislative intent as drawn from the whole statute. *Ard v. The People,* 66 Colo. 480, 182 P.892. See also *Stough v. Reeves,* 42 Colo. 432, 95 P.958 which holds that, in a notice of sale for taxes of property described as lots "1 to 24," the word "to" is interpreted so as to include lot 24 in accordance with the manifest intent of the statute relating to the sale of property for taxes.

Sections 13-5-17 *to and including* 13-5-32, deal with accidents, reporting and tabulating accidents, and penalties for engaging in certain types of driving. The two sections immediately preceding 13-5-32 pertain to driving under the influence of intoxicating liquor and reckless

driving. There is no question that driving while under the influence of intoxicating liquor and reckless driving would be offenses if committed on the private parking lot of a shopping center. It is logical to assume that the legislature also intended careless driving to be an offense which can be committed at places other than on the highways of the state. Without exception, all of the matters dealt with in sections 13-5-17 to and including 13-5-32 are of interest to state and local authorities regardless of whether they occur on highways or "elsewhere throughout the state."

An analysis of all the sections of Chapter 13, Article 5 of C.R.S. 1963 leads us to the conclusion that the legislature intended that the word "to" as used in 13-5-1(c) be given an inclusionary meaning, thus making 13-5-32 applicable not only on highways but other places also. The trial court did not err in giving Instruction No. 11.

### III.

The court also gave over objection what the plaintiff characterizes as a "look but not see" instruction. The plaintiff contends that "this is not a proper instruction in *this unique case*" (Emphasis added) because it imposed an impossible burden on the plaintiff by requiring him to scan the entire parking lot at all times when he was driving within the lot. We do not agree. The evidence supports the giving of this instruction.

First, as a reasonable man, the plaintiff was under a duty to continue to look for other traffic; there was nothing impossible about the duty to do so; and he was not relieved of that duty because he was on a private parking lot. It is noted that this instruction, as drafted, imposed the same duty on the defendant driver.

Secondly, we have in a number of cases held that it is one's duty to see that which is plainly visible. *Denver & Rio Grande Western R.R. Co. v. Duff,* 145 Colo. 104, 358 P.2d 456, and cases cited therein and also *Union Pacific R.R. Co. v. Cogburn,* 136 Colo. 184, 315 P.2d 209.

In *Werner v. Schrader,* 127 Colo. 523, 258 P.2d 766, we said:

"Our Court has repeatedly held that, for a person to look in such a manner as not to see what must plainly be visible, is of no more effect than if he does not look at all. We said in *Fabling v. Jones,* 108 Colo. 144, 114 P.(2d) 1100: 'To have looked in such a manner as to fail to see what must have been plainly visible was to look without a reasonable degree of care and is of no more effect than if she had not looked at all.' See, also, *Brickey v. Herring,* 96 Colo. 181, 41 P.(2) 298; *Aaron v. Wesebaum,* 114 Colo. 61, 162 P.(2d) 232."

Clearly, it was the duty of the plaintiff to see that which he could have seen if he looked. The defendant driver had a like duty. The giving of this instruction was not error.

IV.

Plaintiff's other alleged errors deal with instructions that the plaintiff tendered, but the trial court refused. In general, the tendered instructions dealt with contributory negligence and after reviewing them and the instructions actually given, we perceive no error in the refusal of the trial court to give the tendered instructions.

Judgment affirmed.

MR. JUSTICE PRINGLE, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.