STATE, DEPARTMENT OF PUBLIC SAFETY, v.
MICHAEL JOSEPH HALVERSON.

194 N. W. 2d 573.

January 28, 1972—No. 43076.

*Warren Spannaus*, Attorney General, and *Jack F. Sjoholm, Jr.*, Special Assistant Attorney General, for appellant.

*Charles A. Johnson, John F. Gilsdorf,* and *Danna, Hennings, Gilsdorf & Johnson,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

The State Department of Public Safety appeals from an order of the Municipal Court of the City of West St. Paul rescinding an order of the commissioner of public safety which would have revoked the driver's license of respondent, Michael Joseph Halverson. The only issue on appeal is whether the statute governing chemical tests for intoxication applies to the operation of a motor vehicle on private property. The trial court held the statute did not apply, and we agree.

Respondent Halverson was arrested on October 10, 1970, in a parking lot at 919 South Robert Street in the City of West St. Paul. Respondent refused a request by the arresting officer to submit to a chemical test for the purpose of determining the alcoholic content of his blood. As a result, the commissioner of public safety notified respondent that his driver's license would be revoked pursuant to Minn. St. 169.123, subd. 4. Respondent requested a hearing before the municipal court of West St. Paul. That court rescinded the commissioner's order and held that the provisions of Minn. St. 1969, § 169.123, did not apply to the operation of a motor vehicle on private property.

The commissioner relies on the following language contained in § 169.02, subd. 1(2):

"The provisions of sections 169.09 to 169.13 shall apply upon highways and elsewhere throughout the state."

The question is whether that provision prevails over the following language found in the so-called implied-consent law which at the time respondent was arrested provided in part (§ 169.123, subd. 2):

"Any person who drives or operates a motor vehicle upon the public highways of this state shall be deemed to have given consent subject to the provisions of Laws 1961, Chapter 454, to a chemical test of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood."

Section 169.02 was first adopted by L. 1937, c. 464, art. II, § 2(2). It specifically included that section of the statute governing driving under the influence of intoxicating liquor. However, the implied-consent law was not enacted until 1961 (L. 1961, c. 454). The express language of the implied-consent law restricts its application to "public highways of this state." Where the sanctions are as severe as those imposed by Minn. St. 169.123, we cannot assume that the remote references contained in a law adopted 24 years earlier govern over the specific limitations imposed in the implied-consent act. We therefore hold that the trial court's construction of the statute was correct, and affirm.

Affirmed.

470

Mr. Justice Todd, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.