## No. 27544

**Air Pollution Control Commission of the State of Colorado; Air Pollution Control Division of the State of Colorado; Environmental Defense Fund, Inc.; Information Please, Inc. v. The District Court in and for the City and County of Denver, the Honorable Edward J. Byrne, Judge**

(563 P.2d 351)

Decided May 2, 1977.

---

[1] Petitioners' claims would not be barred under current law. Section 15-12-803(3)(b), C.R.S. 1973.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Gregory J. Hobbs, Jr., Assistant, Hubert A. Farbes, Jr., Assistant, for the Air Pollution Control Commission and Air Pollution Control Division of the State of Colorado.

David C. Mastbaum, for Environmental Defense Fund, Inc.

White and Burke, P.C., Henry W. Ipsen, for Information Please, Inc.

Dawson, Nagel, Sherman & Howard, Michael A. Williams, Charles W. Newcom, for AMAX Coal Company, in support of the District Court of the City and County of Denver and Honorable Edward J. Byrne, Judge.

Kelly, Stansfield & O'Donnell, Bryant O'Donnell, Timothy J. Flanagan, for Public Service Company of Colorado, in support of the District Court of the City and County of Denver and Honorable Edward J. Byrne, Judge.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.


The petitioners sought relief in the nature of prohibition pursuant to C.A.R. 21. An order by the District Court of the City and County of Denver, in effect, compelled the Air Pollution Control Commission of the State of Colorado and a number of other parties to defend simultaneously identical civil actions in the District Court for the County of Morgan and in the District Court for the City and County of Denver. The petitioners allege that the District Court for the City and County of Denver is proceeding in excess of its jurisdiction for reasons which are hereinafter enumerated. We issued a rule to show cause and now make the rule absolute.

In 1976, the Air Pollution Control Division of the Colorado Department of Health issued an air pollution emission permit which granted the Public Service Company a conditional right to construct the coal-fired Pawnee Electrical Generating Station at Brush, Colorado. The permit was conditioned upon the Public Service Company's installation of certain air pollution control equipment (scrubbers) to insure that the ambient air quality standards as to sulphur dioxide were met. The Public Service Company appealed this condition to the Air Pollution Control Commission.

Pursuant to section 25-7-112(4)(e), C.R.S. 1973, the commission set the appeal for a public hearing in Fort Morgan. Several interested parties, including environmentalists, an association of local farmers, and AMAX, the coal company which had contracted to supply fuel for the plant, were parties to the appeal. *See Lloyd A. Fry Roofing Co. v. Dep't of Health*, 179 Colo. 223, 499 P.2d 1176 (1972). AMAX was subpoenaed to give evidence regarding characteristics of the coal it intended to supply. AMAX then intervened in the commission proceeding as a party for the purpose of seeking a protective order to suppress public disclosure of the sulphur content of this coal.

The commission denied part of AMAX's motion for a protective order, holding that the Air Pollution Control Act, section 25-7-129, C.R.S. 1973, required public disclosure of "emission data," and that adequate public participation in future air quality hearings required disclosure.

AMAX then sought judicial review of the commission order by filing identical complaints in the District Court for Morgan County and in the Denver district court. Petitioners' motion to dismiss the action in the Denver district court was denied, and petitioners were directed to answer. A petition for an orginal proceeding was then filed.

■ The Colorado Air Pollution Control Act provides a special statutory proceeding for judicial review from orders and determinations of the

Air Pollution Control Commission. Section 25-7-117(3), C.R.S. 1973, provides:

"*Any* proceeding for judicial review of *any* final order or determination of the variance board, the division, or the [Air Pollution Control] commission shall be *filed in the district court for the district in which is located the air contamination source affected*, and it shall be filed within twenty days after the date of said final order or determination." (Emphasis added.)

AMAX contends that this statutory provision does not control venue[1] in this case for three reasons: (1) the final order to be reviewed does not "affect" an air contamination source, (2) the existence of a second claim in the complaint, seeking relief under the Colorado Public Records Act, section 24-72-204(3)(a)(IV), C.R.S. 1973, provides an independent basis for venue in Denver, and (3) the State Administrative Procedure Act, section 24-4-106(4), C.R.S. 1973, and C.R.C.P. 98, allow venue in Denver. We find each of these arguments to be unpersuasive.

I.

*The Air Contamination Source*

AMAX argues that in order for section 25-7-117(3), C.R.S. 1973, to become operative, the order or determination must be one which "affects" the "air contamination source." AMAX contends that the statute is without effect here because in this case resolution of the issue of disclosure of certain documents cannot have such an effect. The statute is not to be interpreted so narrowly. In enacting this provision of the Air Pollution Control Act, the General Assembly sought to provide a single forum for judicial review of "any" final orders of determinations of the commission. The legislative judgment was that a single, "local" forum would best insure proper participation by all those parties which had been joined in the administrative proceeding.[2] Moreover, the General Assembly employed the phrase "in which is located the air contamination source affected" as a means for determining venue. The phrase does not mean that every appealable order or determination arising out of the agency proceeding must *directly* "affect" the air contamination source. The more reasonable construction is that when an agency proceeding "affects" an air contamination source, then even collateral questions decided in that proceeding will be subject to the venue provisions of section 25-7-117(3), C.R.S. 1973.

---

[1] because of the result reached in this case, we are not faced with consideration of possible *jurisdictional* implications of section 25-7-117(3), C.R.S. 1973.

[2] Section 24-4-106(4), C.R.S. 1973, provides that all parties participating in the agency proceeding are to be parties in the judicial review thereof.

## II.
### Pendent Jurisdiction

AMAX argues that its second claim, seeking protective relief under the Colorado Public Records Act, section 24-72-204(3), C.R.S. 1973, properly creates venue in the Denver district court. The claim for direct judicial review, they contend, should follow this venue under a theory of "pendent jurisdiction." Whatever the merits of such analysis may be in other contexts, we find that in this case the Public Records Act claim arose from and was clearly ancillary to the commission's final order denying the AMAX motion. The fundamental issue in this case is whether the evidence is privileged or is "emission data" under section 25-7-129, C.R.S. 1973. The privilege issue *arose and was adjudicated in* an agency proceeding. That proceeding dealt with a particular contamination source. Accordingly, the district court "in which is located the air contamination source affected" was the proper forum for judicial resolution of appeals from the commission order.[3] The legislature chose to provide a single court to sit in review of the administrative record for "any" issues properly before the commission in a proceeding under the Air Pollution Control Act. To allow the existence of ancillary issues to serve as a foundation for shifting the location of this forum would defeat the legislative intent.

## III.
### The Administrative Procedure Act

AMAX claims that venue in the Denver district court is proper because the State Administrative Procedure Act, section 24-4-106, C.R.S. 1973, and C.R.C.P. 98 each allow venue in Denver under the facts of this case. The short answer to this argument is that special statutory provisions control over general procedural rules and statutes of general application. *See Lloyd A. Fry Roofing Co. v. State Dep't of Health*, 191 Colo. 463 553 P.2d 800 (1976); *Brown v. Hansen*, 177 Colo. 39, 493 P.2d 1086 (1972); *City of Westminster v. District Court*, 167 Colo. 263, 447 P.2d 537 (1968). In prescribing a single local forum for judicial review, the legislature intended to provide a unified, expedient, and economical means for resolving issues under the Air Pollution Control Act. The fragmentary results which would issue from adoption of the AMAX position, including different courts reviewing different issues arising from the same

---

[3] The Air Pollution Control Commission suggests that "orders," which are specific in their application, are to be distinguished from "rules," which are generic in character. They contend that the legislature did not intend for the specialized judicial review and automatic stay provisions of section 25-7-117, C.R.S. 1973 to apply to "rules" which may "affect" many possible contamination sources. The "order" in this case is clearly within the purview of the statute, and we do not address the merits of the commission's distinction in this case.

commission hearing, do not comport with the clear wording of the statute. Moreover, the result is consonant with sound judicial administration.

Accordingly, the rule to show cause is made absolute.

Since an identical action has been commenced and is pending in the Morgan County District Court, we remand the case to the District Court in and for the City and County of Denver with directions to dismiss the action.

MR. CHIEF JUSTICE PRINGLE does not participate.