**State of Colorado, Motor Vehicle Division v. Roger Edwin Dayhoff; State of Colorado, Department of Revenue, Motor Vehicle Division v. Michael Lee Emmer**

## No. 79SC132

**Thomas Robert McCoy v. State of Colorado, Department of Revenue, Motor Vehicle Division**

(609 P.2d 119)

Decided March 31, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Yvette P. Fossum, Assistant Attorney General, for petitioner, in 79SC114.

James J. Kissell, for respondent, Roger E. Dayhoff.

Robert L. Goodbinder, for respondent, Michael Lee Emmer.

Dana F. Strout, for petitioner, Thomas Robert McCoy.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Terre Lee Rushton, Assistant Attorney General, for State of Colorado, Department of Revenue, Motor Vehicle Division.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

■ We granted certiorari in these consolidated cases to reconcile conflicting holdings of two departments of the court of appeals. *See Dayhoff v. Colorado Motor Vehicle Division*, 42 Colo. App. 91, 595 P.2d 1051 (1979); *McCoy v. Colorado Motor Vehicle Division*, 42 Colo. App. 267, 595 P.2d 706 (1979). The issue before both departments was whether the driver's license revocation provision of the implied consent law, section 42-4-1202(3)(e), C.R.S. 1973, applies to the operator of a motor vehicle who is not driving on a public highway. We hold that the provisions do not apply when the operator is not driving on a public highway, and, accordingly, we reverse the court of appeals in *McCoy*, and affirm it in *Dayhoff*.

Section 42-4-1202(3)(a), C.R.S. 1973 provides that:

"Any person who drives any motor vehicle upon a *public highway* of this state shall be deemed to have given his consent to a chemical test . . . for the purpose of determining the alcoholic content of his blood. . . ."

The term "highway" is defined in section 42-1-102(33), C.R.S. 1973 as:

"[T]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel or the entire width of every way declared to be a public highway by any law of this state."

Thus, since it is conceded by all parties that the individuals whose licenses were revoked were not operating a motor vehicle on a public highway, the revocation procedures specified in section 42-4-1202(3)(e) are not applicable.

The prosecution asserts that the provisions of section 42-4-103, C.R.S. 1973 determine the scope of the implied consent law and require a contrary result. Section 42-4-103 provides:

"(1) This article constitutes the uniform traffic code throughout the state and in all political subdivisions and municipalities therein, and a suitable digest thereof shall be made available as authorized in section 42-1-209.

"(2) The provisions of this article relating to the operation of vehicles and the movement of pedestrians refer exclusively to the use of streets and highways except:
"(a) Where a different place is specifically referred to in a given section;
"(b) For provisions of sections 42-4-1201 to 42-4-1204 and part 14 of this article which shall apply upon streets and highways and elsewhere throughout the state."
The prosecution emphasizes that the substantive offenses of driving under the influence and driving while ability is impaired are applicable regardless of where the driving takes place. *Clark v. Bunnell*, 172 Colo. 32, 470 P.2d 42 (1970).

The prosecution's argument was forcefully rebutted by Judge Enoch in *Dayhoff v. Colorado Motor Vehicle Division* with these words:
"The implied consent and drunk driving provisions are not co-extensive in scope. The substantive offenses of driving under the influence and driving while impaired apply regardless of where the 'driving' occurs . . . . The reach of the statutory implied consent scheme, however, is more limited. The General Assembly has provided in clear and unambiguous language that only those licensees who 'drive' and who drive 'upon a public highway' are deemed to have given their consent to a chemical test. When a licensee who has not driven or has not driven upon a public highway declines to take a chemical sobriety test, he is not withdrawing the prior consent upon which the driving privilege was conditioned."
In addition, we are persuaded by the fact that other courts have rejected similar arguments on the basis of the specific language contained in their respective implied consent statutes. *See State v. Halverson*, 292 Minn. 468, 194 N.W.2d 573 (1972). In *Halverson*, for example, the Minnesota Supreme Court stated:
"The express language of the implied consent law restricts its application to 'public highways of this state.' Where the sanctions are as severe as those imposed by Minn. St. 169.123, we cannot assume that the remote references contained in a law adopted 24 years earlier govern over the specific limitations imposed in the implied-consent act."
*See also, Weber v. Orr*, 274 Cal. App.2d 288, 79 Cal. Rptr. 297 (1969).
Finally, we adhere to the well-established rule that where specific and general statutes conflict, the provisions of the specific statute prevail. *See e.g. Weather Engineering and Manufacturing, Inc. v. Pinon Springs Condominiums, Inc.*, 192 Colo. 495, 563 P.2d 346 (1977); *Air Pollution Control Commission v. District Court*, 193 Colo. 146, 563 P.2d 351 (1977); *Burton v. Denver*, 99 Colo. 207, 61 P.2d 856 (1936). Although it is true that section 42-4-103(2)(b) provides for a specific category of exceptions to the general rule of section 42-4-103, it does not follow that there is a conflict with the more specific provisions of section

42-4-1202(3)(a). It was within the province of the legislature to create an exception to an exception through its exemption of the provisions of section 42-4-1202(3)(a) from the more general rule established in section 42-4-103(2)(b). Given the plain language of the implied consent statute, no other construction is warranted.

Accordingly, the court of appeals' decision in *McCoy v. Colorado Motor Vehicle Division* is reversed, and its decision in *Dayhoff v. Colorado Motor Vehicle Division* is affirmed.

JUSTICE GROVES does not participate.
JUSTICE ROVIRA dissents.

JUSTICE ROVIRA dissenting:
I respectfully dissent.

I subscribe to the analysis of Judge Berman in his dissent in *Dayhoff v. Colorado Motor Vehicle Division,* 42 Colo. App. 91, 595 P.2d 1051 (1979), and to the majority opinion in *McCoy v. Colorado Motor Vehicle Division,* 42 Colo. App. 267, 595 P.2d 706 (1979), and little would be gained by restating that which has been well said.

In my view, legislative intent can best be ascertained by a close reading of the words of the statute, and where there is apparent conflict between two statutes, construction should go in the direction of public interest.