Gail S. Schoettler Executive Director Department of Personnel 1313 Sherman Street, 1st Fl. Denver, Colorado 80203
Randall C. Mustain-Wood Chairman State Personnel Board 1525 Sherman Street — Room 617 Denver, Colorado 80203
Dear Ms. Schoettler and Mr. Mustain-Wood:
I am writing in response to your request of March 10, 1983 received in this office on March 17, 1983 for a formal legal opinion as to the appeal rights of Personnel employees affected by the 1983 salary survey of prevailing wages.
QUESTIONS PRESENTED AND CONCLUSIONS
Your inquiry raises the following questions:
1. What are the appeal rights of Personnel employees directly affected by the salary survey recommendations of the State Personnel director.
 Personnel employees directly affected by the salary survey recommendations have the right, pursuant to C.R.S. 1973, 24-50-104(5)(c)(II) (1982 repl. vol. 10), to petition the State Personnel Board to review those recommendations. The Personnel Board's review power is discretionary and, if exercised, is conducted in a summary fashion without reference to a hearing officer.
2. Are Personnel employees whose positions are in classes scheduled for pay decreases as the result of the annual salary survey entitled to "save pay," that is to retain their current pay?
 Personnel System rule 3-2-7, 4 C.C.R. 801-1, prohibits the use of "save pay" when compensation is decreased as the result of the salary survey.
ANALYSIS
You have asked this office to analyze the rights of Personnel employees to appeal the salary survey recommendations of the State Personnel director (director). This is the first year since the passage in 1981 of Senate bill 308 that the director, pursuant to C.R.S. 1973, 24-50-104(5)(e) (1982 repl. vol. 10), has recommended salary decreases as the result of surveying prevailing wages in other places of private and public employment in accordance with section 24-50-104(5)(a).
The Colorado Constitutional provisions on the Personnel System, article XII, sections 13 through 15, are silent on the rights of Personnel employees to appeal the annual salary survey. Article XII, section 13(8) states only that:
 Persons in the personnel system . . . shall be graded and compensated according to standards of efficient service which shall be the same for all persons having like duties.
This subsection does provide employees with the right to hearing but only in the case of a disciplinary action.
The right to a hearing is more clearly defined in the statutes at C.R.S. 1973, 24-50-125 (1982 repl. vol. 10). Subsections 1 through 4 of that section only concern disciplinary proceedings. Subsection 5, however, provides for hearings in nondisciplinary situations and states:
 In addition, the board shall grant a hearing, upon request by the employee or his representative, to any certified employee in the state personnel system who protests any action taken which adversely affects the employee's current pay, status of tenure. A probationary employee shall be entitled to all the same rights to a hearing as a certified employee; except that he shall not have the right to a hearing to review his dismissal for unsatisfactory performance while a probationary employee.
This subsection was last amended in 1977, 1977 Colo. Sess. Laws, p. 1221, when the word "current" was added.
Section 24-50-104(5), relating to the annual salary and fringe benefits survey conducted by the director, was amended in 1981 by S.B. 308, 1981 Colo. Sess. Laws, p. 1183. Rewritten was the appeals procedure to be used by Personnel employees directly affected by the salary survey recommendations. Prior to the 1981 amendment, section 24-50-104(5)(c) required that when an employee appealed the recommendations, the State Personnel Board (board) had to hold a hearing. S.B. 308 split subsection (c) into two paragraphs, the second of which now states in pertinent part:
 (II) If the board decides to review the state personnel director's action, it shall do so in summary fashion, without referring it to a hearing officer, and on the basis of written material which may be supplemented by oral argument, at the discretion of the board.
As amended, subsection (c)(II) makes discretionary the board's review of the director's salary survey recommendations. If the review is made, it is done in a summary fashion by the board based on written material and at the board's discretion, oral argument. The board has recognized the discretionary and summary nature of its review in Personnel rule 3-2-5, 4 C.C.R. 801-1.
A question remains whether the specific statute and Personnel rule on salary survey appeals apply or whether general section24-50-125(5) and Personnel rule 8-2-2(A), 4 C.C.R. 801-1, pertain when the director's salary recommendations result in decreases in the pay of Personnel employees. Section 24-50-104(5)(c)(II) and rule 3-2-5 prevail for two reasons. First, according to C.R.S. 1973, 2-4-205 (1980 repl. vol. 1B), a special provision, such as that on the salary survey, controls over a general, such as that on hearings, unless the general is later in time, which it is not in this case, and the manifest intent, of which there is none here, is that the general prevails. Also see State MotorVehicle Division v. Dayhoff, 199 Colo. 363, 609 P.2d 119,121 (1980). Second, the salary survey statute takes precedence because it was passed in 1981 and the general hearing statute was last amended in 1977. See C.R.S. 1973, 2-4-206 (1980 repl. vol. 1B). Therefore, all employees directly affected by the director's salary survey recommendations have the right to petition the board which, if it decides to review, will do so in a summary fashion. This is true regardless of whether the salary survey calls for no salary adjustment, an increase or a decrease.
For those employed whose salaries will be decreased as the result of the implementation of the salary recommendations, the question remains whether they are entitled to "save pay." C.R.S. 1973,24-50-107 (1982 repl. vol. 10) permits any employee to "save pay," or retain his or her current pay level, in certain situations, when that person is demoted. That statutory provision states:
 Under certain conditions and for specific periods, the compensation rate of an employee may be sustained by the state personnel director in the event of his position being placed in a lower pay grade due to a classification study of his position, an occupational study of all positions in a class, or a general classification study of the state personnel system, but in no case shall such pay be sustained at more than ten percent above the rate provided in the new classification.
This section creates the "save pay" provision which applies when an employee is placed in a "new classification." Revisions in the classification plan, authorized at C.R.S. 1973, 24-50-104(4) (1982 repl. vol. 10), however, are separate from the salary and fringe benefits survey, conducted pursuant to section 24-50-104(5). Classifications are not changed as the result of the salary survey, only pay rates are. Therefore, section 24-50-107
does not apply to decreases in compensation due to implementation of the salary survey. Additionally, the only provision that addresses the payment of employees as the result of grade changes due to salary survey recommendations is Personnel rule 3-2-7,4 C.C.R. 801-1, which requires that:
 When the pay grade assigned to a class is changed because of salary studies, the pay of all employees in the class shall be changed step for step to the new grade.
This rule applies whether an employee receives an increase or cut in pay as the result of the survey recommendations. Since "save pay" would result in step increases when an employee's grade level is lowered, rule 3-2-7 also prohibits the application of "save pay" to salary reductions made as a result of an annual salary survey.
SUMMARY
In conclusion, it is my opinion that C.R.S. 1973,24-50-104(5)(c)(II) permits Personnel employees directly affected to petition the Personnel Board to review the salary survey recommendations of the Personnel director. The Personnel Board's review power is discretionary and, if exercised, is conducted in a summary fashion without reference to a hearing officer. Personnel System rule 3-2-7 prohibits the use of "save pay" when compensation is reduced as the result of the salary survey.
Very truly yours,
 DUANE WOODARD Attorney General
EMPLOYEES, PUBLIC STATE AGENCIES SALARIES
C.R.S. 1973, 24-50-104(5)(c)(II) C.R.S. 1973, 24-50-125(5) C.R.S. 1973, 24-50-107
PERSONNEL, DEPT. OF State Personnel Bd.
C.R.S. 1973, 24-50-104(5)(c)(II) permits Personnel employees directly affected to petition the Personnel Board to review the salary survey recommendations of the Personnel director. The Personnel Board's review power is discretionary and, if exercised, is conducted in a summary fashion without reference to a hearing officer. Personnel System rule 3-2-7 prohibits the use of "save pay" when compensation is reduced as the result of the salary survey.