In the Matter of the Disciplinary Proceedings Regarding the License to Practice Dentistry of Robert Edwin MAUL, D.D.S., Petitioner,

v.

The STATE BOARD OF DENTAL EXAMINERS of the State of Colorado, Respondent.

No. 82SC305.

Supreme Court of Colorado, En Banc.

Sept. 6, 1983.

Norman D. Johnson, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., William A. Richardson, Asst. Atty. Gen., Denver, for respondent.

NEIGHBORS, Justice.

The petitioner, Dr. Robert Edwin Maul, was the subject of a disciplinary action brought by the State Board of Dental Examiners (Board). After the hearing was held in February of 1980, the Board determined that Dr. Maul had violated certain provisions of the Dental Practice Law of Colorado (DPL).[1] The Board issued a letter of reprimand, placed Dr. Maul on probation for one year, and ordered him to take courses of study prescribed by it. Dr. Maul appealed the Board's decision and a divided court of appeals panel affirmed. *Maul v. State Board of Dental Examiners,* 654 P.2d 1336 (Colo.App.1982). We granted certiorari to review only the issue of whether the Board violated the DPL, the Administrative Procedure Act (APA), or Dr. Maul's due process rights by participating jointly with the hearing officer in conducting the hearing and allowing the hearing officer to attend its deliberations as its legal advisor. We reverse and remand to the court of appeals with directions.

---

1. The Board found that Dr. Maul had violated sections 12–35–118(1)(e), (*l*), (n), and (2)(s), C.R.S.1973 (1978 Repl.Vol. 5). The Board also found that Dr. Maul's conduct did not violate sections 12–35–118(1)(h), (*o*), and (p), and those charges were dismissed.

## I.

After receiving a complaint from one of Dr. Maul's patients, the Metropolitan Denver Dental Society referred the matter to its Patient Relations Committee. The Committee informed Dr. Maul of the complaint and requested his cooperation in providing information concerning his treatment of the patient. Dr. Maul complied. The matter was then referred to the Board for further action.

On August 28, 1979, the Board mailed a notice of hearing and charges to Dr. Maul. The charges alleged improper treatment and unprofessional conduct involving Dr. Maul's work on a set of dentures for the patient who made the complaint. The Board requested the appointment of a hearing officer to conduct the disciplinary proceedings against Dr. Maul.[2] Don P. Stimmel was assigned as the hearing officer pursuant to section 24–30–1003, C.R.S.1973 (1982 Repl.Vol. 10). During October and November of 1979, the hearing officer ruled on several motions which were filed by Dr. Maul's attorney, including a motion to disqualify the Board from participating in the proceedings. He denied the motion without prejudice, indicating that if the motion was renewed, the final determination would be made by the Board. On November 28, 1979, Dr. Maul renewed his motion to disqualify the Board. A ruling denying the motion was issued and signed by the members of the Board *and* the hearing officer.

The disciplinary hearing was held before the hearing officer and a quorum of the Board on February 21 and 22, 1980. The hearing officer stated at the outset that the hearing would be conducted pursuant to the provisions of the Administrative Procedure Act, sections 24–4–101 to –108, C.R.S.1973 (1982 Repl.Vol. 10). The findings and order issued by the Board at the conclusion of the hearing state that the hearing officer "presided over all pretrial proceedings and over the hearing as the Board's legal advisor, ruled upon admissibility of evidence, and was present as an advisor during the deliberations following the hearing."[3]

From the record before us it is unclear who actually conducted the hearing.[4] On several occasions during the hearing, the hearing officer and the Board retired to discuss the admissibility of evidence and motions made by counsel for the parties. The hearing resumed each time upon the announcement by the hearing officer of the decisions made jointly by himself and the Board during their deliberations.[5]

---

**2.** Sections 12–35–108(1) and 12–35–118(1), C.R.S.1973 (1978 Repl.Vol. 5 & 1982 Supp.), of the DPL authorize the Board to request and appoint a hearing officer to conduct disciplinary hearings.

**3.** Although not provided for in the DPL, this procedure is allowed under section 12–36–118(5)(f), C.R.S.1973 (1982 Supp. to 1978 Repl. Vol. 5), for formal disciplinary proceedings involving a physician or a podiatrist. The Colorado Medical Practice Act, sections 12–36–101 to –136, C.R.S.1973 (1978 Repl.Vol. 5 & 1982 Supp.), provides for a formal hearing before a qualified hearing officer or a hearings panel of the board. If the hearings panel conducts the hearing, under section 12–36–118(5)(f), a hearing officer shall preside and advise the hearings panel on all legal matters in connection with the hearing as the panel may request. Section 12–36–118(5)(f) also directs the hearing officer to provide requested advice or assistance in preparing the panel's findings and recommendations or conclusions and authorizes him to administer oaths or affirmations, sign and issue subpoenas, and perform other duties authorized by the panel.

**4.** The APA refers to an agency or a hearing officer "presiding" at a hearing, section 24–4–105(3), C.R.S.1973 (1982 Repl.Vol. 10), or an agency or a hearing officer "conducting" a hearing, *see, e.g.,* section 24–4–105(14), C.R.S. 1973 (1982 Repl.Vol. 10). The attorney general argues that a hearing officer may "preside" at an administrative proceeding without "conducting" the hearing in the role of decision-maker. The APA, however, does not define either "preside" or "conduct." Without some evidence of legislative intent, we decline to draw such a distinction in the context of a proceeding under the DPL.

**5.** For example, while overruling an objection to the admissibility of certain evidence, the hearing officer was asked by a Board member to call a recess so that the Board could confer privately with him. A recess was called and, upon resuming the public proceedings, the hearing officer announced that "[a]fter consultation in camera between the Hearing Officer and the Board members, we have decided to sustain the objection . . . ." Later, at the close of the Board's case, and again at the suggestion

## II.

Under section 12–35–118(1), C.R.S.1973 (1982 Supp. to 1978 Repl.Vol. 5), any hearing concerning the discipline of a dentist by the Board is to be conducted "pursuant to the provisions of article 4 of title 24, C.R.S. 1973," the APA. The APA provides that "[a]t a hearing only one of the following may preside: The agency or if otherwise authorized by law, a hearing officer who if authorized by law may be a member of the body which comprises the agency." Section 24–4–105(3), C.R.S.1973 (1982 Repl.Vol. 10). The remainder of section 24–4–105 refers to the procedures to be followed by any agency or hearing officer conducting a hearing.

In this case, the Board requested the appointment of a hearing officer to conduct the disciplinary proceedings against Dr. Maul. The authority of the hearing officer is defined by the APA. Sections 24–4–104(1) and (2), C.R.S.1973 (1982 Repl.Vol. 10), provide:

"(1) In any case in which application is made for a license required by law, the agency, with due regard for the rights and privileges of all interested persons, shall set and conduct the proceedings in accordance with this article *unless otherwise required by law.*

"(2) Every agency decision respecting the grant, renewal, denial, revocation, suspension, annulment, limitation, or modification of a license shall be based solely upon the stated criteria, terms, and purposes of the statute, or regulations promulgated thereunder, and case law interpreting such statutes and regulations *pursuant to which the license is issued or required.* Terms, conditions, or requirements limiting any license shall be valid only if reasonably necessary to effectuate the purposes, scope, or stated terms of the statute pursuant to which the license is issued or required." (Emphasis added.)

■ In proceedings under the DPL, the function of the hearing officer is to conduct the hearing in accordance with the provisions of the APA, but only to the extent that its provisions are consistent with the statutes pursuant to which the dentist's license was issued or required, *i.e.,* the DPL. The section of the DPL which authorizes the Board to appoint a hearing officer also limits the duties of that officer. Under the DPL, a hearing officer may only "take evidence and ... make findings and report them to the board." Section 12–35–108(1), C.R.S.1973 (1978 Repl.Vol. 5). The DPL does not provide for the hybrid procedure used here and which is permitted by the Medical Practice Act (*see supra* note 3), where the hearing officer presides and advises the Board on legal matters during a hearing before the agency. Section 12–35–133, C.R.S.1973 (1978 Repl.Vol. 5), provides that the attorney general "shall counsel with and advise the board in connection with its duties and responsibilities...." If the attorney general's participation is inappropriate under the circumstances in a particular case, section 12–35–107(2), C.R.S. 1973 (1982 Supp. to 1978 Repl.Vol. 5) (effective July 1, 1979), allows the Board to employ private legal counsel "to assist the board in carrying out its powers and duties...."

Whether the APA authorizes the hybrid procedure used in this case is not the question before us. However, the specific statutory limitations on the role of the hearing officer under the DPL are controlling. *See Motor Vehicle Division v. Dayhoff,* 199 Colo. 363, 609 P.2d 119 (1980); *Air Pollution Control Commission v. District Court,* 193 Colo. 146, 563 P.2d 351 (1977).

---

of a Board member, the hearing officer conferred privately with the Board regarding a motion made on behalf of Dr. Maul. The hearing resumed after a brief recess and the hearing officer stated: "In consideration in camera of the motion to continue, which was previously taken under advisement, it is the determination of the Board and the Hearing Officer that the motion ought to be and will be denied." The same procedure was followed when Dr. Maul's attorney requested the Board to take judicial notice of certain information, and again when he moved for dismissal or for relief in the nature of a directed verdict. After private consultations between the hearing officer and the Board, joint decisions were announced denying the request and the motion.

### III.

"An administrative agency must comply strictly with its enabling statutes, and such agency has no authority to set aside or circumvent legislative mandates." *Dodge v. Department of Social Services,* 657 P.2d 969, 973 (Colo.App.1982). *See Burciaga v. Shea,* 187 Colo. 78, 530 P.2d 508 (1974); *Rodgers v. Atencio,* 43 Colo.App. 268, 608 P.2d 813 (1979). This principle is particularly applicable to this case because a disciplinary proceeding has a punitive character in that the Board can prohibit a dentist from practicing dentistry. *Shively v. Stewart,* 65 Cal.2d 475, 421 P.2d 65, 55 Cal.Rptr. 217 (1966). A determination by the Board that a dentist violated the provisions of the DPL has prejudicial consequences upon his or her professional standing.

The Board's actions violated the DPL because it participated jointly with the hearing officer in conducting the proceedings involving Dr. Maul, in using the hearing officer as its legal advisor during its deliberations, and in entering the initial fact-finding decision. While it is true that Dr. Maul has not demonstrated any prejudice to him as a result of these statutory violations, we hold that he is not required to do so. The statutory scheme was adopted by the legislature to ensure fairness and compliance with due process requirements. When the Board fails to observe its statutory duties and substantially departs from the procedural requirements of the statutory scheme, the appropriate remedy is a rehearing conducted in accordance with the statutes enacted by the General Assembly.

We conclude that the Board violated the applicable statutory provisions by its failure to observe the requirements imposed by the legislature. Since we have determined that the Board's actions were procedurally defective, we need not decide whether Dr. Maul's constitutional due process rights were violated in this case.

It is not within the scope of judicial review, as provided in section 12–35–115, C.R.S.1973 (1978 Repl.Vol. 5), and section 24–4–106, C.R.S.1973 (1980 Supp.), for this court to act as a professional licensing board. *State Board of Dental Examiners v. Schroeder,* 174 Colo. 343, 347, 483 P.2d 970 (1971). Therefore, we reverse the judgment of the court of appeals and remand with directions to return the case to the State Board of Dental Examiners for a rehearing in compliance with the applicable statutory provisions.