Dr. Robert Datteri Executive Director State Board for Community Colleges and Occupational Education 1313 Sherman Street Denver, CO 80203
Dear Dr. Datteri:
This opinion letter is in response to your letter of May 7, 1984 in which you asked whether benefits provided pursuant to the early retirement program of the State Board For Community Colleges and Occupational Education (hereinafter "the state board") are employee perquisites as defined by section 24-30-202(22), C.R.S. (1982) (hereinafter "the controller statute") and its implementing regulations. You further requested an opinion as to whether these benefits, if they are employee perquisites, are provided for by statute or rule of the controller.
QUESTIONS PRESENTED AND CONCLUSIONS
Are benefits provided by the state board pursuant to its early retirement program employee perquisites as defined by the controller statute and its implementing regulations?
The state board's early retirement program provides a number of benefits. The insurance provided by this program, the payment for accrued sick leave, and the early retirement incentive payment are all benefits in addition to the employees' regular salary and as such are perquisites. The part-time temporary employment option merely provides the employee electing it with a salary for part-time work, and therefore is not a perquisite.
Is the state board authorized by statute or rule of the controller to provide these perquisites?
The early retirement incentive payment is not provided for by statute or rule of the controller. The state board is authorized to provide insurance benefits to employees electing the part-time temporary employment option, but is not authorized by statute or rule to pay a percentage of accrued sick leave to employees electing this option.
ANALYSIS
In August of 1983 the state board enacted an early retirement program for employees who work at the colleges under its governance, and employees of the executive director and the directors of the community colleges and occupational education divisions of the state board (hereinafter "the directors"). This program provides that employees who are between the ages of 55 and 64, who have been employed for at least 10 years by the board or its directors, and who are eligible for retirement under the Colorado Public Employees Retirement Association (PERA) may elect to take early retirement under one of two options: They may retire from full-time employment but continue to work up to 90 days per year ("the part-time temporary employment option") or they may retire and receive cash payments ("the incentive payment option"). The latter option provides annual payments for up to a 5-year period based on a percentage of the employee's final salary. The earlier the employee retires, the greater the payment. Payments under this option beyond the fiscal year in which the employee retires are subject to legislative appropriation. The state board will continue to pay the premium for the group health and life insurance for employees electing either option. Employees electing either option are also entitled to a payment of either 35 percent (if they retire between the ages of 55 and 59) or 30 percent (if they retire between the ages of 60 and 64) of their unused sick leave.
The purpose of the state board's early retirement program is to reward its employees by providing them with economic security during the transition into early retirement, and to revitalize existing staff by creating openings for new staff. This is a valid public purpose. Rochlin v. State, 112 Ariz. 171,540 P.2d 643, 650 (1975); Jurva v. Attorney General,111 Mich. App. 595, 315 N.W.2d 178 (1982).
The state board has the powers over the colleges under its governance customarily exercised by governing boards of institutions of higher education in this state. Section 23-60-202(1), C.R.S. (1973). Its powers include the power to employ personnel at these colleges. Van Pelt v. State Board forCommunity Colleges and Occupational Education, 195 Colo. 316,577 P.2d 765 (1978). As a governing board of an institution of higher education, it also has broad authority to expend all funds and appropriations to the institutions under its governance, to enter into contracts, and to fix the terms of employment of its staff, except to the extent that these powers are otherwise limited by law. Colo. Const. Art. VIII, § 5(2);State Board of Agriculture v. Meyers, 20 Colo. App. 139,77 P. 372 (1904). The directors are also authorized to employ such personnel as are necessary to carry out their duties. Section 23-60-105, C.R.S. (1973). The Attorney General of the State of Ohio has opined that the power of a school board to employ teachers necessarily implied the right to fix their compensation and therefore authorized the school board to compensate its teachers by making a cash payment in addition to salary as an incentive for early retirement. Ohio A.G.O. No. 81-052. Because of its power to employ staff and expend funds, the state board has the power to enact its early retirement program unless this power is otherwise limited by law.
The powers of governing boards of institutions of higher education in Colorado are "otherwise limited by law" when the legislature enacts a statute which expressly limits these powers. Colo. Const. Art. VIII, section 5(2); Associated Students ofthe University of Colorado v. Regents of the University ofColorado, 189 Colo. 482, 543 P.2d 59 (1974). The controller statute contains an express limitation of the authority of the state board and its directors to fix the compensation of their employees:
 The controller shall make uniform and equitable rules concerning the types of perquisites which may be allowed state employees in the executive branch of government, including employees of institutions of higher education, in addition to their regular salaries. . . . No employee shall have the authority to grant himself or to any other employee under his supervision any perquisite . . . except as provided for by statute or by the rules of the controller. . . . Section 24-30-202(22), C.R.S. (1982) (emphasis added).
Thus, the legislature has specifically granted the controller the authority to determine which perquisites the state board and its directors may provide to their staff.[1] Because a specific statute prevails over general legislation, MotorVehicle Division v. Dayhoff, 199 Colo. 363, 609 P.2d 119
(1980), the above-cited statutes setting forth the powers of the state board and its directors to employ staff and expend funds are not statutes providing for employee perquisites within the meaning of the controller statute. If the benefits provided by the state board's early retirement program are perquisites they must be specifically provided for by a statute or a rule of the controller.
A perquisite is something gained from employment over and above the ordinary salary or fixed wages for services rendered.City of Kettering v. Berger, 4 Ohio App.3d 254, 4 O.B.R. 471, 448 N.E.2d 458, 463-464 (1982). Salary is a fixed payment at regular intervals for services. Webster's ThirdNew World Dictionary, 1255. Thus, if the benefits provided by the state board's early retirement program are "gained from employment" and also are "in addition to" or "over and above" the employees' regular salary, they are perquisites.
Applying the foregoing principles, I find that the incentive payment option is a perquisite. Payments made under this option are clearly in addition to the salary of the employees. Traditional pension plans, in which both the employee and employer make contributions to a pension payable in the future have been held to be deferred compensation for services rendered.Police Pension and Relief Board of Denver v. McPhail,139 Colo. 330, 338 P.2d 694 (1959). Because they are deferred compensation for services, some courts have held that pensions are merely a form of salary. See Township of Rossv. McDonald, 60 Pa. Commw. 306, 431 A.2d 385, 387 (Pa. 1981). However, the state board's incentive payment option is not offered to compensate its employees for services that they have already performed, but rather as an incentive to forgo future rights of employment. Fair Lawn EducationAssociation v. Fair Lawn Board of Education, 79 N.J. 574,401 A.2d 681 (1979). For this reason, the FairLawn court held that a school board's authority to fix its employees' salaries did not include the authority to offer an early retirement incentive payment option similar to that offered by the state board. See also Fort DodgeSchool District v. Public Employees Relations Board,319 N.W.2d 181 (Iowa, 1981). Therefore, the state board's incentive payments are in addition to the employee's salary.
Even though the incentive payments are not salary, they are nonetheless gained from employment. The right of the employees to receive these payments accrues from their having worked for the state board for at least 10 years. These payments are also gained from employment in the sense that having the option to receive them provides a reward for the employees' services.Rochlin, supra. Thus, in Jurva,supra, the court held that a school board's authority to set working conditions by offering "other related benefits of an economic nature" (essentially a definition of the term "perquisite") authorized it to offer an early retirement incentive payment. The prospect of early retirement with additional cash income, the court reasoned, was as much a part of the employment relationship as insurance or salary. Because the state board's incentive payments provide a gain from employment which is in addition to regular salary, they are perquisites and as such are subject to the controller statute.
Moreover, since both the insurance policy provided by the state board and the cash payment for accrued sick leave are also employee benefits over and above regular salary, these too are perquisites within the meaning of the controller statute. On the other hand, the part-time temporary employment option does nothing more than pay the employee electing it a salary for part-time work, and therefore is not a perquisite. Because it merely is a form of salary, the state board's authority to offer this option is not circumscribed by the controller statute.
The perquisites provided by the state board's early retirement program must be provided by statute or rule of the controller. Insurance benefits are provided by statute. Section 10-8-201, C.R.S. (1973 1983 Supp.). No statute or rule of the controller provides for the cash payments for accrued sick leave or the incentive payment provided in the state board's early retirement program. The rules of the controller implementing the controller statute use the word "benefit" as a synonym for the word "perquisite". Benefits are defined to exclude "salary, retirement benefits, travel and insurance." 1 C.C.R. 102-2 at 33 (3-83). The controller has stated that he interprets these exclusions to apply only to those benefits otherwise provided by law. Thus, the rule's reference to retirement benefits is intended to refer to retirement benefits furnished by PERA pursuant to section 24-51-101, C.R.S. (1982).
I must defer to the controller's interpretation of his own regulations because it is neither plainly erroneous nor inconsistent with the statute. Van Pelt,supra. Therefore, because the incentive payment and the payment for accrued sick leave are perquisites not provided for by statute or rule, the state board is not authorized to provide them.
SUMMARY
The state board may have an early retirement program which offers a part-time temporary employment option and which pays the insurance premiums to the employees who elect this option. The state board may not offer an incentive payment or a payment for accrued sick leave until such time as these perquisites are provided for by statute or rule of the controller.
Very truly yours,
 DUANE WOODARD Attorney General
EDUCATION, HIGHER EMPLOYEES, PUBLIC RETIREMENT SYSTEMS
Section 24-30-202(22, C.R.S. (1982) Section 23-60-202(1), C.R.S. (1983) Section 23-60-105, C.R.S. (1973) Section 24-51-101, C.R.S. (1982) Section 10-8-201, C.R.S. (1973 1983 Supp.)
Colo. Const. art. VIII, § (5)(2)
HIGHER EDUCATION, DEPT. OF Comm. Coll. Occ. Ed. Bd. ADMINISTRATION, DEPT. OF Accounts Control Div. of
That portion of the early retirement program of the State Board for Community Colleges and Occupational Education which offers cash payments as an incentive for early retirement provides benefits from employment in addition to salary and therefore furnishes employees with perquisites. Since these perquisites are not provided by statute or rule of the controller, the board is not authorized to offer them. However, that portion of the board's program which provides temporary employment to employees who retire early does not furnish perquisites and therefore may be offered by the board.
[1] The controller statute applies to all employees of the state board and its directors, including those who are exempt from the State Personnel System. Colo. A.G.O. No. 80-10-29.