**Mark Dana MILLER, Plaintiff-Appellant,**

**v.**

**Alan N. CHARNES, Executive Director of the Department of Revenue, Motor Vehicle Division, State of Colorado, Defendant-Appellee.**

No. 83CA1159.

Colorado Court of Appeals, Div. I.

July 19, 1984.

Rehearing Denied Aug. 30, 1984.

Certiorari Denied Jan. 14, 1985.

H. Paul Cohen, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James R. Willis, Asst. Atty. Gen., Denver, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Mark Dana Miller, appeals the trial court's judgment affirming the De-

partment of Revenue's revocation of his driving privileges pursuant to the implied consent law, § 42–4–1202(3), C.R.S., for refusal to take a sobriety test. We affirm.

### I.

Plaintiff contends that the hearing officer failed to make sufficient findings of fact to support revocation in that he failed to find specifically that plaintiff had in fact been driving. We disagree.

At the implied consent hearing, the arresting officer testified that on January 18, 1983, he clocked the speed of a Ford pickup with his radar device at 42 miles per hour in a 30 mile per hour speed zone and observed it change lanes without turn signals. The officer then followed the vehicle continuously until it stopped in response to his overhead lights. He testified that the driver was the plaintiff, Mark Dana Miller. The officer was the only witness at the hearing. No other evidence was presented at the hearing.

In *Marin v. Department of Revenue,* 41 Colo.App. 557, 591 P.2d 1336 (1978), we held that driving privileges cannot be revoked pursuant to the implied consent law without a determination that the licensee was in fact driving. In *Marin,* plaintiff submitted substantial evidence indicating that he had not been driving; however, the hearing officer failed to make findings of record on that issue.

■ Here, substantial evidence was presented indicating that plaintiff was, in fact, driving the pickup. No evidence was presented to the contrary. The hearing officer found upon a preponderance of the evidence "that there was reasonable grounds to make contact with you. For speeding and the lane change without a signal, either of those would be reasonable grounds for police to make contact with an individual." From the findings and conclusions, we are able to determine the basis of the hearing officer's ruling for the purpose of review and hold that they are sufficient. *Manor Vail Condominium Ass'n v. Town of Vail,* 199 Colo. 62, 604 P.2d 1168 (1980).

### II.

The plaintiff next asserts that the trial court erred in denying his motion to strike defendant's answer for failure to pay a docket fee. We disagree.

■ Section 42–2–127(1), C.R.S., provides that judicial review of an agency revocation of driving privileges shall be in accordance with § 24–4–106, C.R.S. (1982 Repl.Vol. 10). The procedure for initial review in the district court is set forth in § 24–4–106, C.R.S. (1982 Repl.Vol. 10). There is no specific provision in that section which exempts the agency from payment of a docket fee upon filing answer. However, § 24–4–106(11), C.R.S. (1982 Repl.Vol. 10), dealing with further review of agency action directed to the court of appeals, specifically exempts the agency from the requirement of paying a docket fee in that court. We conclude that there is no rational basis for requiring the agency to pay a docket fee upon filing answer in the district court but exempting the agency from the requirement of paying a docket fee in the Colorado Court of Appeals.

■ Moreover, the filing of a pleading and the payment of the docket fee are two distinct acts, and once a pleading is accepted for filing the striking of the pleading is not a proper sanction. *See Drennen v. Johnson,* 65 Colo. 381, 176 P. 479 (1918). Thus, the trial court did not err in denying plaintiff's motion to strike defendant's answer.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.