Herschel E. WARMAN,
Plaintiff-Appellee,

v.

MOTOR VEHICLE DIVISION, DEPARTMENT OF REVENUE, STATE OF COLORADO, Defendant-Appellant.

No. 86CA0722.

Colorado Court of Appeals,
Div. I.

June 18, 1987.

Rehearing Denied July 16, 1987.

Certiorari Granted (Motor Vehicle Division) Oct. 19, 1987.

Law Firm of Chris Melonakis, Chris Melonakis, Northglenn, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Richard T. Hill, Asst. Atty. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for defendant-appellant.

VAN CISE, Judge.

The Department of Revenue (department) appeals from a judgment of the district court reversing the department's revocation of Herschel E. Warman's driver's license. We affirm.

At 11:45 p.m. on March 4, 1985, two Westminster police officers were dispatched to the parking area in front of a convenience store. Two drinking establishments were in the immediate vicinity. The officers found Warman unconscious or asleep behind the steering wheel of his parked automobile. The engine was running and the parking lights were on. Neither officer observed Warman's vehicle move. One officer tapped on the window, woke Warman, and requested identification. Warman stated, "I don't have to show you anything; I'm not driving." The officer then told Warman that he was under arrest for "investigation of DUI."

After the arrest, one officer noted the odor of alcohol on Warman's breath, and Warman's red and watery eyes and slurred speech. Warman was then charged with driving under the influence and resisting arrest. On the way to the police station, he was offered the choice between a blood test or a breath test to determine the alcohol content of his blood. He answered that he was not driving and would not take any test. Once at the police station, a roadside sobriety test was administered at Warman's request. He failed to complete it satisfactorily.

The department's hearing officer found that Warman had been driving, that the arresting officer had reasonable grounds to request a chemical test, and that Warman had refused to submit to a test. Therefore, the hearing officer revoked Warman's driver's license pursuant to § 42–2–122.1(1)(a)(II), C.R.S. (1984 Repl. Vol. 17).

On review, the district court reversed the revocation, holding that there was insufficient evidence in the record to support the hearing officer's findings (1) that Warman was the driver of the vehicle and (2) that the arresting officer had reasonable grounds to contact Warman and to request that he submit to a chemical test. This appeal followed.

The department contends there was substantial evidence to support the hearing officer's finding that Warman was the driver of the vehicle. We do not agree.

In *Brewer v. Motor Vehicle Division,* 720 P.2d 564 (Colo.1986), the supreme court held that a person found asleep behind the wheel of a car parked in the middle of a street with the engine and lights on falls within the definition of "driver" set out in § 42–1–102(22), C.R.S. (1984 Repl. Vol. 17): "every person ... who drives or is in actual physical control of a motor vehicle upon a highway." Also, in *Smith v. Charnes,* 728 P.2d 1287 (Colo.1986), a person found unconscious or asleep in a vehicle with engine running and lights on, parked on an interstate highway off-ramp, was held to be "driving." However, the circumstances of the instant case differ, particularly in the location of the vehicle, from those in *Brewer* and *Smith* where the automobiles were not in normal parking places and were, instead, in the middle of a street or on a highway off-ramp.

In contrast to the statutory provision applicable in *Brewer* and *Smith,* § 42–4–1202(3)(a), C.R.S. (1984 Repl. Vol. 17), now provides that "any person who drives any motor vehicle upon the streets and highways *and elsewhere throughout this state* shall be deemed to have ex-

pressed his consent ..." (emphasis supplied) Therefore, it may well be that the express consent law applies to any person who drives a motor vehicle anywhere in this state and is not limited to persons who drive upon a highway. *Cf. Motor Vehicle Division v. Dayhoff,* 199 Colo. 363, 609 P.2d 119 (1980). However, it is still the act of *driving,* or being in actual physical control of a motor vehicle, which subjects a licensee to the statutory requirement of a chemical test.

At the time of his arrest, Warman insisted that he was not driving, and he gave that also as his reason for refusing to take any test. *See Marin v. Colorado Department of Revenue,* 41 Colo.App. 557, 591 P.2d 1336 (1978). The only witness at the hearing was a police officer who had backed up the arresting officer, had participated in the arrest, and had prepared the various reports, notices, and other documents. He did not testify to, nor did any of the exhibits show, any actions of Warman which would establish that he was driving prior to his arrest.

The district court, on its review of the agency record, correctly stated the weakness of the department's case when it said:

"The hearing officer found that [Warman] was in control of that vehicle by being behind the wheel with the engine running, and concluded that he is the one that drove the car to the [convenience store].... Even if the court were to accept the hearing officer's conclusion [that he drove to the store], it does not necessarily follow that [Warman] was under the influence of or impaired by alcohol or that his alcohol level exceeded 0.15 grams at the time that he drove. There was *no* showing how long [Warman] had been at the location where he was arrested, nor as to when or where he may have consumed alcohol. (There is a restaurant and lounge next door to the [convenience store]....)"

We agree with the district court that there was insufficient evidence to establish that Warman was driving or in actual physical control of his vehicle while intoxicated. Therefore, the district court correctly re-

versed the hearing officer's order of revocation.

In view of the above holding, we do not address the other contentions for reversal raised by the department.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.